

07 CV 10935

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
NELSON PINERO,

                              Plaintiff,                    Civil Action No.

          -against-                                         **NOTICE OF REMOVAL**

SYNTHES (U.S.A.), SYTH INC. and SYNTHES,
INC.,

                              Defendants.
--------------------------------------------------------------X

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK:

          The defendant herein, SYNTHES (U.S.A.), also sued herein as SYTH INC. and SYNTHES,

INC., (hereinafter "SYNTHES (U.S.A.)") by its attorneys, Sedgwick, Detert, Moran & Arnold LLP,

respectfully petitions as follows:

          1.          Upon information and belief, on or about August 16, 2007, an action was commenced

against SYNTHES (U.S.A.), SYTH INC. and SYNTHES, INC., by filing the action in the Supreme

Court of the State of New York, New York County, by NELSON PINERO. The suit is identified in

the Supreme Court of the State of New York, New York County, as *Nelson Pinero v. Synthes,*

*(U.S.A.), et al.,* Index No. 111253/07.

          2.          On October 3, 2007, defendants SYNTHES (U.S.A.), SYTH INC. and SYNTHES,

INC. received one Summons and Complaint. **Exhibit A.** The Summons and Verified Complaint

allege the nature of this action is based upon, *inter alia*, strict liability resulting from injuries

allegedly sustained by plaintiff as a result of a surgically implanted plate in plaintiff's mandible that

was allegedly designed, tested manufactured and sold by defendant SYNTHES (U.S.A.). However,

neither the Summons nor Verified Complaint specified monetary damages.

1

3.    Upon information and belief, the plaintiff Nelson Pinero is a resident of the State of New York, County of Nassau. Exhibit A, ¶1.

4.    Defendant SYNTHES (U.S.A.) is an entity organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 1302 Wrights Lane East, West Chester, Pennsylvania 19380.

5.    Defendant SYTH INC. is an entity organized and existing under the laws of the State of Delaware with its principal place of business at 1302 Wrights Lane East, West Chester, Pennsylvania 19380.

6.    Defendant SYTHES, INC. is an entity organized and existing under the laws of the State of Delaware with its principal place of business at 1302 Wrights Lane East, West Chester, Pennsylvania 19380.

7.    On October 23, 2007, defendant SYNTHES (U.S.A.) served via U.S. Mail, a Verified Answer, denying the plaintiff's allegations, and asserting various affirmative defenses. **Exhibit B.**

8.    On October 23, 2007, defendant SYNTHES (U.S.A.) served, via U.S. Mail, a Request for Admission upon plaintiff, stating that "Plaintiff, NELSON PINERO, seeks damages in excess of SEVENTY-FIVE-THOUSAND-DOLLARS ($75,000.00) for the injuries alleged in plaintiff's Verified Complaint." **Exhibit C.** To date, a response has not been received.

9.    Pursuant to C.P.L.R. 3123 (a):

> "Each of the matters of which an admission is requested shall be **deemed admitted** unless within twenty days after service … the party to whom the request is directed serves upon the party requesting the admission a sworn statement either denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully either admit or deny those matters." (*Emphasis Added*).

2

10.    In light of plaintiff's failure to respond to the Request for Admission and taking into account the five additional days provided for service via U.S. Mail pursuant to CPLR 2103, the Court should deem this request admitted as of November 19, 2007.

11.    By deeming such request admitted, the Court should take notice that plaintiff is seeking monetary damages in this action of a value exceeding $75,000.00 and consequently, this action is removable based on diversity jurisdiction. 28 U.S.C. §1446(b).

12.    The filing of this petition for removal is timely because it is made within thirty (30) days of November 19, 2007, the date defendant SYNTHES (U.S.A.) first learned that this action became removable on the basis of diversity jurisdiction under 28 U.S.C. §§1332, 1446(b).

13.    The above-referenced action between plaintiff and defendant SYNTHES (U.S.A.) is one in which this Court has original jurisdiction under the provisions of Title 28, United States Code, Section 1332 and is one that may be removed to this Court by the defendant SYNTHES (U.S.A.), pursuant to the provisions of Title 28, United States Code, Section 1441(a) in that it is a civil action where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

**WHEREFORE**, petitioner SYNTHES (U.S.A.), also sued herein as SYTH INC. and SYNTHES, INC., the defendant in this action described herein currently pending in the Supreme Court of the State of New York, County of New York, Index No. 111253/07, prays that this action be removed from there to this Honorable Court.

NY/514546v1

Dated: New York, New York
       November 30, 2007

                              Yours, etc.

                              SEDGWICK, DETERT, MORAN & ARNOLD LLP

                              By:_____
                                  Caryn M. Silverman (CS-4396)
                                  *Attorneys for Defendant SYNTHES (U.S.A.) also*
                                  *sued herein as SYTH INC. and SYNTHES, INC.*
                                  125 Broad Street – 39th Floor
                                  New York, New York 10004-2400
                                  (212) 422-0202
                                  (212) 422-0925 *Facsimile*
                                  [SDMA File No. 0484-020529]

TO:    Aron Rattner, Esq.
       RATTNER & WAIDE
       *Attorneys for Plaintiff*
       26 Broadway, 21st Floor
       New York, New York 10004
       (212) 742-9244

NY/514546v1

## CERTIFICATE OF SERVICE

I, CARYN M. SILVERMAN, hereby certify and affirm that a true and correct copy of the attached **NOTICE OF REMOVAL** was served via U.S. mail on this 30th day of November, 2007, upon the following:

Aron Rattner, Esq.
RATTNER & WAIDE
Attorneys for Plaintiff
26 Broadway, 21st Floor
New York, New York 10004
(212) 742-9244


_____
CARYN M. SILVERMAN (CS-4396)

NY/514546v1

Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No.:
Date purchased:

------------------------------------------------------------X

NELSON PINERO,

**SUMMONS**

        Plaintiff,

Plaintiff designates New York
County as the place of trial.

    -against-

SYNTHES (USA), SYTH INC. and SYNTHES, INC.

        Defendants.

------------------------------------------------------------X

### To the above named Defendants:

     **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, NY
      August 15, 2007

Yours, etc.,

RATTNER & WAIDE

By:

    Aron Rattner, Esq.
Attorneys for Plaintiff
26 Broadway, 21st Floor
New York, NY 10004
(212) 742-9244

TO:
SYNTHES (USA), SYTH INC., SYNTHES INC.
1302 Wrights Lane East, West Chester, PA 19380

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X        Index No.:

NELSON PINERO,

           Plaintiff,                                          **VERIFIED COMPLAINT**

      -against-

SYNTHES (USA), SYTH INC. and SYNTHES, INC.
          Defendants.

-------------------------------------------------------------------X

      Plaintiff, by his attorneys, **RATTNER & WAIDE**, complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

      1. At the time of the commencement of this action Plaintiff, **NELSON PINERO**, was, and still is a resident of the County of Nassau and State of New York.

      2. Upon information and belief, that at all times herein mentioned, the Defendant, **SYNTHES (USA)** was and still is a foreign partnership licensed to conduct business within the State of New York.

      3. Upon information and belief, that at all times herein mentioned, the Defendant, **SYNTHES (USA)** was and still is a foreign partnership with its corporate headquarters in the State of Pennsylvania.

      4. Upon information and belief, that at all times herein mentioned, the Defendant, **SYNTHES (USA)**, was and still is a foreign partnership with offices within the State of New York.

      5. Upon information and belief, that at all times herein mentioned, the Defendant, **SYTH, INC.**, was and still is a foreign corporation licensed to conduct business within the State of New York.

      6. Upon information and belief, that at all times herein mentioned, the Defendant, **SYTH, INC.**, was and still is a Delaware corporation.

      7. Upon information and belief, that at all times herein mentioned, the Defendant, **SYNTHES, INC.**, was and still is a New York corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Upon information and belief, that at all times herein mentioned, the Defendant, SYNTHES, INC., was and still is a foreign corporation licensed to conduct business within the State of New York.

9. Upon information and belief, that at all times herein mentioned, the Defendant, SYNTHES, INC., was and still is a foreign corporation that is not licensed to conduct business within the State of New York.

## AS AND FOR A FIRST CAUSE OF ACTION

10. Defendants designed, tested, manufactured, sold and promoted a 25-hole Synthes 2.4 locking V cam plate. ("Synthes plate")

11. On June 19, 2002, the "Synthes plate" was implanted and fashioned to Plaintiff's mandible.

12. On January 16, 2005, Plaintiff began to experience severe pain in the area where the Synthes Plate was implanted.

13. Plaintiff thereafter went to St. Vincent's Hospital due to the intense pain.

14. Plaintiff was told while at St. Vincent's Hospital that the Synthes Plate was Broken, and that was the cause of his pain.

15. Defendant was careless in the design, testing, inspection, manufacture, distribution, labeling, sale and promotion of said Synthes plate.

16. As a result of Defendant's, SYNTHES, INC.'s, conduct, Plaintiff was seriously injured and has sustained general and special damages.

17. The amount of damages sought in this cause of action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION

18. Plaintiff repeats and re-alleges each and every allegation set for previously.

19. The Synthes plate was defective.

20. That Defendants are therefore strictly liable to Plaintiff for his injuries..

21. Upon information and belief the nature of the defect in design of the Synthes plate was latent and that Plaintiff did not and, by the exercise of reasonable care, could not discover it, nor could he , by exercising such reasonable care, have perceived the danger incident to the design.

21. The amount of damages sought in this cause of action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A THIRD CAUSE OF ACTION

22. Plaintiff repeats and re-alleges each and every allegation set for previously.

23. Defendants are strictly liable in tort for Plaintiffs injuries and  damages because the defect was a substantial factor in bringing about the injuries; the product was, at the time of the accident, being used for the purpose for which it was intended.

24. The amount of damages sought in this cause of action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction..

**WHEREFORE,** Plaintiff **NELSON PINERO** demands judgment against the Defendants herein, or any of them, on each an every cause of action alleged herein in an amount that exceeds the jurisdictional limits of all lower courts which otherwise have jurisdiction

Yours, etc.,

RATTNER & WAIDE

By:_____

Aron Rattner, Esq.
Attorneys for Plaintiff(s)
**NELSON PINERO**
26 Broadway,21st Floor
New York, NY 10004
(212) 742-9244

## ATTORNEY'S VERIFICATION

**ARON RATTNER**, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am a member of the firm of RATTNER & WAIDE, attorneys of record for Plaintiff(s), **NELSON PINERO**. I have read the annexed

### VERIFIED COMPLAINT

and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff(s) is that Plaintiff(s) is/are not presently in the county wherein the attorneys for the plaintiff(s) maintain their offices.

Dated: New York, NY
August 15, 2007

ARON RATTNER, ESQ.

RATTNER & WADE

Index No.                    Year 19

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
———————————————————————X

NELSON PINERO

                                          Plaintiff

                    -against-

SYNTHES (USA), SYTH INC. and
SYNTHES INC.

                                          Defendants
———————————————————————X

SUMMONS & COMPLAINT

RATTNER & WADE

*Attorney(s) for*

*Office and Post Office Address, Telephone*

To
*Attorney(s) for*

Service of a copy of the within
is hereby admitted.

Dated,

*Attorney(s) for*

---

NOTICE OF ENTRY

PLEASE take notice that the within is a *(certified)*
true copy of a
duly entered in the office of the clerk of the within
named court on
                                          19

Dated,
                    Yours, etc.,

*Attorney for*

*Office and Post Office Address*

To

*Attorney(s) for*

---

NOTICE OF SETTLEMENT

PLEASE take notice that an order
of which the within is a true copy will be presented
for settlement to the Hon.
one of the judges of the within named Court, at
on
at
Dated,                    M.
                                          19
                    Yours, etc.,

*Attorney for*

*Office and Post Office Address*

To

*Attorney(s) for*

1005M — JULIUS BLUMBERG, INC., LAW BLANK PUBLISHERS, NYC 10013

© 1995 JULIUS BLUMBERG, INC.

STATE OF NEW YORK, COUNTY OF _____ ss.:

I, the undersigned, an attorney admitted to practice in the courts of New York State,

☐ **Certification By Attorney** certify that the within _____ has been compared by me with the original and found to be a true and complete copy.

☐ **Attorney's Affirmation** state that I am _____ the attorney(s) of record for _____ in the within action; I have read the foregoing _____ and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by _____

The grounds of my belief as to all matters not stated upon my own knowledge are as follows: _____

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated: _____

The name signed must be printed beneath

STATE OF NEW YORK, COUNTY OF _____ ss.:

I, the undersigned, being duly sworn, depose and say: I am

☐ **Individual Verification** in the action; I have read the foregoing _____ and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

☐ **Corporate Verification** the _____ of _____ a _____ corporation and a party in the within action; I have read the foregoing _____ and know the contents thereof; and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. This verification is made by me because the above party is a corporation and I am an officer thereof.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows: _____

Sworn to before me on _____

The name signed must be printed beneath

STATE OF NEW YORK, COUNTY OF _____ ss.: (If more than one box is checked—indicate after name/ type of service used.)

I, the undersigned, being sworn, say: I am not a party to the action, am over 18 years of age and reside at _____

On _____ I served the within _____

☐ **Service By Mail** by mailing a copy to each of the following persons at the last known address set forth after each name below.

☐ **Personal Service on Individual** by delivering a true copy of each personally to each person named below, at the address indicated. I knew each person served to be the person mentioned and described in said papers as *a party therein:*

☐ **Service by Electronic Means** by transmitting a copy to the following persons by ☐ FAX at the telephone number set forth after each name below ☐ E-MAIL at the E-Mail address set forth after each name below, which was designated by the attorney for such purpose, and by mailing a copy to the address set forth after each name.

☐ **Overnight Delivery Service** by dispatching a copy by overnight delivery to each of the following persons at the last known address set forth after each name below.

Sworn to before me on _____

The name signed must be printed beneath

Exhibit B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X

NELSON PINERO,

               Plaintiff,

    -against-

SYNTHES (U.S.A.), SYTH INC. and SYNTHES, INC.,

               Defendants.
-------------------------------------------------------------------X

Index No.:

**VERIFIED ANSWER TO
VERIFIED COMPLAINT**

       Defendant, SYNTHES (U.S.A.), also sued herein as SYTH INC. and SYNTHES, INC., (hereinafter SYNTHES (U.S.A.)) by and through its attorneys, Sedgwick, Detert, Moran & Arnold LLP, as and for its Verified Answer to Plaintiff's Verified Complaint, states and alleges as follows upon information and belief:

       FIRST:     Defendant SYNTHES (U.S.A.) denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "1" of plaintiff's Verified Complaint.

       SECOND:    Defendant SYNTHES (U.S.A.) denies each and every allegation contained in paragraph "2" of plaintiff's Verified Complaint in the form alleged, except admits that SYNTHES (U.S.A.) is a Pennsylvania general partnership with its principal place of business in Pennsylvania and SYNTHES (U.S.A.) has transacted business in the State of New York, and respectfully refers all questions of law to the Honorable Court.

       THIRD:     Defendant SYNTHES (U.S.A.) denies each and every allegation contained in paragraph "3" of plaintiff's Verified Complaint in the form alleged, except admits that SYNTHES (U.S.A.) is a Pennsylvania general partnership with its principal place of business in Pennsylvania, and respectfully refers all questions of law to the Honorable Court.

FOURTH:     Defendant SYNTHES (U.S.A.) denies each and every allegation contained in paragraph "4" of plaintiff's Verified Complaint in the form alleged, except admits that SYNTHES (U.S.A.) is a Pennsylvania general partnership with its principal place of business in Pennsylvania, and respectfully refers all questions of law to the Honorable Court.

FIFTH:     Defendant SYNTHES (U.S.A.) denies each and every allegation contained in paragraph "5" of plaintiff's Verified Complaint in the form alleged, except admits that SYTH, INC. is a Delaware corporation qualified to do business in the State of New York, and respectfully refers all questions of law to the Honorable Court.

SIXTH:     Defendant SYNTHES (U.S.A.) denies each and every allegation contained in paragraph "6" of plaintiff's Verified Complaint in the form alleged, except admits that SYTH, INC. is a Delaware corporation, and respectfully refers all questions of law to the Honorable Court.

SEVENTH:     Defendant SYNTHES (U.S.A.) denies each and every allegation contained in paragraph "7" of plaintiff's Verified Complaint in the form alleged, except admits that SYNTHES, INC. is a Delaware corporation, and respectfully refers all questions of law to the Honorable Court.

EIGHTH:     Defendant SYNTHES (U.S.A.) denies each and every allegation contained in paragraph "8" of plaintiff's Verified Complaint in the form alleged, except admits that SYNTHES, INC. is a Delaware corporation, and respectfully refers all questions of law to the Honorable Court.

NINTH:    Defendant SYNTHES (U.S.A.) denies each and every allegation contained in paragraph "9" of plaintiff's Verified Complaint, except admits that SYNTHES, INC. is a Delaware corporation, and respectfully refers all questions of law to the Honorable Court.

## AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

TENTH:    Defendant SYNTHES (U.S.A.) denies each and every allegation contained in paragraph "10" of plaintiff's Verified Complaint, except admits that SYNTHES (U.S.A.) was and still is engaged in the business of manufacturing, marketing, distributing and selling certain orthopedic internal fixation devices to the medical community. However, SYNTHES (U.S.A.) can neither admit nor deny whether any such product was used during the alleged treatment of plaintiff without knowing the specific device used and its product and lot numbers.

ELEVENTH:    Defendant SYNTHES (U.S.A.) denies each and every allegation contained in paragraph "11" of plaintiff's Verified Complaint, except admits that SYNTHES (U.S.A.) was and still is engaged in the business of manufacturing, marketing, distributing and selling certain orthopedic internal fixation devices to the medical community. However, SYNTHES (U.S.A.) can neither admit nor deny whether any such product was used during the alleged treatment of plaintiff without knowing the specific device used and its product and lot numbers.

TWELFTH:    Defendant SYNTHES (U.S.A.) denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "12" of plaintiff's Verified Complaint.

THIRTEENTH:    Defendant SYNTHES (U.S.A.) denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "13" of plaintiff's Verified Complaint.

NY/511252v1

FOURTEENTH:      Defendant SYNTHES (U.S.A.) denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "14" of plaintiff's Verified Complaint and respectfully refers all questions of law to the Honorable Court.

FIFTEENTH:      Defendant SYNTHES (U.S.A.) denies each and every allegation contained in paragraph "15" of plaintiff's Verified Complaint.

SIXTEENTH:      Defendant SYNTHES (U.S.A.) denies each and every allegation contained in paragraph "16" of plaintiff's Verified Complaint.

SEVENTEENTH:      Defendant SYNTHES (U.S.A.) denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "17" of plaintiff's Verified Complaint.

## AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION

EIGHTEENTH:      In response to paragraph "18" of plaintiff's Verified Complaint, defendant SYNTHES (U.S.A.) repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "17," inclusive, with the same force and effect as if more fully set forth at length herein.

NINETEENTH:      Defendant SYNTHES (U.S.A.) denies each and every allegation contained in paragraph "19" of plaintiff's Verified Complaint.

TWENTIETH:      Defendant SYNTHES (U.S.A.) denies each and every allegation contained in paragraph "20" of plaintiff's Verified Complaint.

TWENTY-FIRST:      Defendant SYNTHES (U.S.A.) denies each and every allegation contained in paragraph "21" of plaintiff's Verified Complaint.

NY/511252v1

TWENTY-SECOND:    Defendant SYNTHES (U.S.A.) denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "21 [sic]" of plaintiff's Verified Complaint.

## AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION

TWENTY-THIRD:    In response to paragraph "22" of plaintiff's Verified Complaint, defendant SYNTHES (U.S.A.) repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "21 [sic]," inclusive, with the same force and effect as if more fully set forth at length herein.

TWENTY-FOURTH:    Defendant SYNTHES (U.S.A.) denies each and every allegation contained in paragraph "23" of plaintiff's Verified Complaint.

TWENTY-FIFTH:    Defendant SYNTHES (U.S.A.) denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "24" of plaintiff's Verified Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

TWENTY-SIXTH:    Any SYNTHES (U.S.A.) product was manufactured, labeled and sold in accordance with the methods, standards and techniques which were in conformity with the generally recognized state of the art at the time thereof.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

TWENTY-SEVENTH:    Upon information and belief, any injuries, losses or damages that the plaintiff may have sustained were caused, in whole or in part, by the acts of the plaintiff, including comparative negligence and assumption of risk. In accordance with Article 14 of the Civil Practice Law and Rules of the State of New York, the amount of damages

otherwise recoverable shall be diminished in the proportion to which the culpable conduct

attributable to the plaintiff bears to the culpable conduct which caused the damages.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

TWENTY-EIGHTH:        Plaintiff's Verified Complaint fails or may fail to state a

claim on which relief may be granted.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

TWENTY-NINTH:   Upon information and belief, any injuries, losses or damages that

the plaintiff may have sustained were caused, in whole or in part, by misuse or abuse of the

product, failure to use the product properly, alteration or negligent use of the product or by use of

the product for a purpose and in a manner not intended or recommended by the manufacturer or

distributor thereof and over which SYNTHES (U.S.A.) had no control.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

THIRTIETH: Upon information and belief, any injuries, losses or damages that the

plaintiff may have sustained were caused, in whole or in part, by acts or omissions of one or

more persons or entities over whom or which SYNTHES (U.S.A.) neither exercised nor had any

right of control, for which SYNTHES (U.S.A.) is and was not responsible, whose conduct

SYNTHES (U.S.A.) had no duty or reason to anticipate or control, and with whom or which

SYNTHES (U.S.A.) has no legal relationship.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

THIRTY-FIRST:        If plaintiff sustained injuries as alleged, the same were not due or

caused by the fault, lack of care, negligence, strict liability, breach of warranty, or breach of duty

on the part of SYNTHES (U.S.A.).

6

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

THIRTY-SECOND:  Plaintiff had a duty to exercise reasonable care for his own protection under the circumstances existing and failed to exercise that degree of care that a reasonably prudent person engaged in the alleged activity under like or similar circumstances would have exercised for his own protection and/or voluntarily placed himself in a position of danger; and this failure on the part of plaintiff may have been the sole or a proximate cause of alleged injuries and damages to plaintiff.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

THIRTY-THIRD:    If plaintiff sustained the injuries or incurred the expenses alleged, there was an intervening cause and/or causes leading to such alleged injuries, and any action or omission on the part of SYNTHES (U.S.A.) was not the proximate cause of plaintiff's alleged injuries.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

THIRTY-FOURTH:    SYNTHES (U.S.A.) justifiably relied upon a learned intermediary and, therefore, cannot be held liable for breach of a duty, if any, to warn the plaintiff.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

THIRTY-FIFTH:    If plaintiff sustained injuries as alleged, such injuries were the result, in whole or in part, of pre-existing or unrelated medical, genetic, or environmental conditions, diseases or illnesses of the plaintiff, or through the operation of nature or an unforeseeable idiosyncratic reaction peculiar to the individual plaintiff and not found in the general public, for which SYNTHES (U.S.A.) bears no responsibility.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

THIRTY-SIXTH:     Any plaintiff's claims in warranty are barred for failure to timely notify SYNTHES (U.S.A.) of the alleged breach of warranty and because plaintiff did not rely upon any alleged warranty.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

THIRTY-SEVENTH:     Any SYNTHES (U.S.A.) product is a medical product accompanied by adequate warnings that are neither defective nor unreasonably dangerous and is thus exempted from tort liability pursuant to the Restatement 2d of Torts § 402(a) (Comments J and K).

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

THIRTY-EIGHTH:   The absence, if any, of warnings or delivery of such warnings did not lead to the reliance by the plaintiff and/or a learned intermediary on the safety of such products used in this particular case.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

THIRTY-NINTH:     To the extent SYNTHES (U.S.A.) was responsible for the package inserts and/or labeling for any of the alleged products in plaintiff's Verified Complaint, the package literature for the product gave full, complete and adequate warnings which complied with all applicable statutes and regulations.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

FORTIETH:   If SYNTHES (U.S.A.) is found liable to plaintiff for any non-economic loss allegedly suffered by plaintiff and such liability equals fifty percent or less of the total liability of all persons liable, then pursuant to the Civil Practice Law and Rules, Article 16, of the State of New York, the liability, if any, of SYNTHES (U.S.A.) to plaintiff for his non-economic

losses, shall not exceed SYNTHES (U.S.A.)'s equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for such non-economic loss.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

FORTY-FIRST:    If the plaintiff sustained injury or damage as alleged, they were exacerbated by the plaintiff's failure to mitigate such injury or damage.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

FORTY-SECOND:    The plaintiff may not recover for economic losses that have been or will be replaced or indemnified by collateral sources.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

FORTY-THIRD:    Upon information and belief, the product referred to in the Verified Complaint conformed to the then current state of the art and the then current state of scientific and industrial knowledge and practice; and SYNTHES (U.S.A.) could not reasonably know that the product might pose a risk of harm.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

FORTY-FOURTH:    SYNTHES (U.S.A.) had no notice, constructive or otherwise, of the alleged defects of the subject product.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

FORTY-FIFTH:    SYNTHES (U.S.A.) hereby gives a notice that it intends to rely upon such other defenses as may become available or appear during discovery proceedings in this case and hereby reserves the right to amend its Verified Answer to Plaintiff's Verified Complaint to assert any such defense.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

FORTY-SIXTH:    Plaintiff's claims are time barred by the applicable statutes of limitation.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

FORTY-SEVENTH:  Plaintiff's Verified Complaint fails to comply with CPLR §305(a).

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

FORTY-EIGHTH:    The plaintiff has failed to comply with the requirements of CPLR §3017.

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

FORTY-NINTH:    SYTH INC. and SYNTHES, INC. are improper defendants in this action.

## AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

FIFTIETH:    Plaintiff's Verified Complaint fails to comply with CPLR §3014.

## AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

FIFTY-FIRST:    The defendants SYNTHES (U.S.A.) and SYNTHES, INC. were not served in accordance with the provisions of the Civil Practice Law and Rules and the Court, therefore lacks jurisdiction over the defendants, SYNTHES (U.S.A.) and SYNTHES, INC.

WHEREFORE, SYNTHES (U.S.A.), also sued herein as SYTH, INC. and SYNTHES, INC., demands judgment dismissing the plaintiff's Verified Complaint in all respects, for the costs and disbursements of this action, including reasonable attorneys' fees, and for such other and further relief as to this Court may seem just and proper.

Dated: New York, New York
      October 23, 2007

Yours, etc.,

SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: _____

David M. Covey
125 Broad Street, 39th Floor
New York, New York 10004-2400
Telephone: (212) 422-0202
Facsimile: (212) 422-0925

*Attorneys for Defendant*
*SYNTHES (U.S.A.) also sued herein as*
*SYTH INC. and SYNTHES, INC.*

TO:     RATTNER & WAIDE
        26 Broadway
        21st Floor
        New York, New York  10004
        (212) 742-9244
        *Attorney for Plaintiff*

11

## ATTORNEY'S VERIFICATION

David M. Covey, being duly sworn, deposes and says:

That he is a member of the firm of attorneys representing the defendant, SYNTHES (U.S.A.) also sued herein as SYTH INC. and SYNTHES, INC.

That he has read the foregoing Verified Answer to Plaintiff's Verified Complaint and the same is true to his own belief, except as to matters alleged on information and belief, and, as to those matters, he believes them to be true to the best of his knowledge.

That deponent's sources of information are correspondence and conversations with the answering defendant.

That this verification is made by deponent because his client is not within the county where deponent maintains their office.

David M. Covey

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )

                         : ss.:

COUNTY OF NEW YORK  )

        Jennifer Greenaway, being duly sworn, deposes and says: that deponent is not a party to the action, is over 18 years of age and resides in the State of New York, Kings County.

        That on the 23rd day of October, 2007, deponent served the within **VERIFIED ANSWER TO VERIFIED COMPLAINT** upon:

> RATTNER & WAIDE
> *Attorneys for Plaintiff*
> 26 Broadway
> 21st Floor
> New York  New York  10004
> (212) 742-9244

at the address designated by said attorneys for the purpose of depositing a true copy of same enclosed in a postpaid, properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

*Jennifer Greenaway*
Jennifer Greenaway

Sworn to before me, this
23nd day of October, 2007

*Elaine Cruz*
Notary Public

ELAINE CRUZ, NOTARY PUBLIC
STATE OF NEW YORK, #4994553
QUALIFIED IN QUEENS COUNTY
COMMISSION EXPIRES APRIL 6, 20 10

Exhibit C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X

NELSON PINERO,

                  Plaintiff,

          -against-

SYNTHES (U.S.A.), SYTH INC. and SYNTHES, INC.,

                  Defendants.

-------------------------------------------------------------------X

Index No.

**REQUEST FOR ADMISSION**

**COUNSEL:**

Pursuant to CPLR 3123, the defendant SYNTHES (U.S.A.), also sued herein as SYTH INC. and SYNTHES, INC., by and through its attorneys, Sedgwick, Detert, Moran & Arnold LLP, hereby makes the following Request for Admission to the plaintiff NELSON PINERO:

1.     Plaintiff NELSON PINERO, seeks damages in excess of SEVENTY-FIVE-THOUSAND-DOLLARS ($75,000.00) for the injuries alleged in plaintiff's Verified Complaint.

Dated:  New York, New York
       October 23, 2007

                  Yours, etc.,

                  SEDGWICK, DETERT, MORAN & ARNOLD LLP

        By: _____

                  David M. Covey
                  125 Broad Street, 39th Floor
                  New York, New York 10004-2400
                  Telephone: (212) 422-0202
                  Facsimile: (212) 422-0925

                  *Attorneys for Defendant*
                  *SYNTHES (U.S.A.) also sued herein as*
                  *SYTH INC. and SYNTHES, INC.*

NY/511268v1

TO:    RATTNER & WAIDE
       26 Broadway
       21st Floor
       New York, New York 10004
       (212) 742-9244
       *Attorneys for Plaintiff*

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                       : ss.:
COUNTY OF NEW YORK  )

Jennifer Greenaway, being duly sworn, deposes and says: that deponent is not a party to the action, is over 18 years of age and resides in the State of New York, Kings County.

That on the 23rd day of October, 2007, deponent served the within **REQUEST FOR ADMISSION** upon:

> RATTNER & WAIDE
> *Attorneys for Plaintiff*
> 26 Broadway
> 21st Floor
> New York  New York  10004
> (212) 742-9244

at the address designated by said attorneys for the purpose of depositing a true copy of same enclosed in a postpaid, properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

*Jennifer Greenaway*
Jennifer Greenaway

Sworn to before me, this
23rd day October, 2007

Notary Public

ELAINE CRUZ, NOTARY PUBLIC
STATE OF NEW YORK, #4994553
QUALIFIED IN QUEENS COUNTY
COMMISSION EXPIRES APRIL 6, 20__

NY/511268v1