UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
NELSON PINERO,

|  |  |
|---|---|
| Plaintiff, | Civil Action No.: 07 Civ. 10935 (GEL) |

-against-                                              **AFFIDAVIT FOR**
                                                       **JUDGMENT BY DEFAULT**

SYNTHES (U.S.A.), SYTH INC. and SYNTHES, INC.,

Defendants.
-------------------------------------------------------------------X
STATE OF NEW YORK      )
                       : ss.:
COUNTY OF NEW YORK   )


**CARYN M. SILVERMAN**, being duly sworn, deposes and:

1.     I am a member of the Bar of this Court and of the firm of Sedgwick, Detert, Moran & Arnold LLP, attorneys for defendant SYNTHES (U.S.A.) also incorrectly sued herein as SYTH INC. and SYNTHES, INC (hereinafter 'defendant') in the above-entitled action. I am familiar with all the facts and circumstances in this action

2.     I make this affidavit pursuant to Rule 55 of the Federal Rules of Civil Procedure, and Rule 55.1 and 55.2(a) of the Local Civil Rules for the Southern District of New York, in support of defendant's application for the entry of a default judgment against plaintiff for failure to appear at the Court-ordered Case Management Conference on February 1, 2008.  In accordance with Your Honor's rules, annexed hereto are: a proposed default judgment and copies of all pleadings with affidavits of service for those pleadings served by defendant.

3.     This is a product liability action seeking money damages for plaintiff's alleged injuries arising from the surgical implantation of an allegedly defective mandibular plate.

4.      The defendant's request for the instant relief is warranted because plaintiff has abandoned not only the instant action, but also a previous, virtually identical action commenced against Synthes.

5.      By way of background, the prior action was commenced against Synthes in the Supreme Court of the State of New York, County of New York. The action was then removed to this Court by filing a Notice of Removal on November 20, 2006. The matter was assigned to Your Honor. Plaintiff's counsel did not oppose removal, and never filed a Notice of Appearance.

6.      After removing the action, Synthes promptly moved to dismiss plaintiff's Summons and Complaint pursuant to Federal Rules of Civil Procedure 12(b) (5) for insufficiency of service of process. By Order dated January 17, 2007, this Court granted Synthes' motion. The order is annexed hereto as Exhibit **"A."** Plaintiff never responded to the motion. He took no action relative to that lawsuit or the motion.

7.      In its Order, this Court held:

> Here, defendant has provided such sworn affidavits, persuasively documenting an absence of service during the time permitted for such service. Plaintiff has not responded to defendant's motion to dismiss, and thus has failed to contest the factual assertions in defendant's submission. Nor has plaintiff sought to obviate the concern by re-serving defendant, or by seeking an extension of time to properly serve defendant. Since plaintiff has not served defendant in the time required, and **has apparently abandoned this litigation**, defendant's motion will be granted. (emphasis added).

8.      In the instant action, plaintiff failed to appear for a court-ordered Conference. He never responded or objected to any of defendant's discovery requests. He failed to respond to the undersigned efforts to schedule a meet and confer. Abandonment is apparent, and repeated. However, as a result, defendant has incurred attorneys' fees, costs and expenses unnecessarily in the

NY/520236v1

defense of this action. An order granting defendant's order to show cause for a default judgment in the amount of $14,485.84 is warranted.

9. Jurisdiction of the subject matter of this action is based on diversity jurisdiction. Defendant filed removal papers on November 30, 2007, seeking to remove this action from the Supreme Court of the State of New York, New York County. Plaintiff did not oppose removal. The Notice of Removal is annexed hereto as Exhibit **"B."**

10. This action was commenced by plaintiff on August 15, 2007 by the filing of the Summons and Complaint in the Supreme Court of the State of New York, New York County. Annexed hereto as Exhibit **"C."** A copy of the Summons and Complaint was served on defendant on or about October 3, 2007. Defendant interposed a Verified Answer on October 23, 2007. Annexed hereto as Exhibit **"D."**

11. On December 18, 2007, defendant notified plaintiff's counsel that the matter, now removed, was assigned to Your Honor. Annexed hereto as **"E."**

12. On January 4, 2008, the undersigned received facsimile Notice of the Case Management Conference (hereinafter "Conference') scheduled for Friday, February 1, 2008 at 11:30 at the U.S. Courthouse, 500 Pearl Street, Room 6B. Annexed hereto as Exhibit **"F."** Defendant's counsel was instructed to inform plaintiff's counsel in writing of the conference.

13. By letters dated January 4, 22, and 29, 2008, the undersigned so notified plaintiff's counsel. Annexed hereto as Exhibit **"G."** Your affiant also requested that plaintiff's counsel contact the undersigned so that a meet and confer could be conducted in advance of February 1, 2008. Defendant's requests went unanswered.

14.    On January 15, 2008, your affiant left a voicemail message for plaintiff's counsel requesting that he contact the undersigned to discuss a meet and confer regarding discovery matters in advance of the February 1, 2008 conference. A return call was never received.

15.    Further, plaintiff never responded nor objected to defendant's discovery requests, which were served with the Verified Answer on October 23, 2007. A letter dated December 18, 2007, was sent to plaintiff's counsel requesting compliance with the outstanding discovery. Annexed hereto as Exhibit **"H."** Responses were never received.

16.    Defendant's counsel, David M. Covey, appeared in Room 6B, before Your Honor on February 1, 2008 prepared for the Conference.

17.    There was no appearance by plaintiff or plaintiff's counsel of record.

18.    Mr. Covey advised your affiant the Court instructed defendant to move for a default judgment.

19.    A default judgment against plaintiff is warranted. Plaintiff failed to appear at the court-ordered Conference, failed to respond to your affiant's multiple requests to hold a meet and confer, and failed to respond to defendant's discovery requests. Abandonment of this action is evident.

20.    The proposed damages include all attorneys' fees, costs and expenses incurred by defendant since October 3, 2007, through the present, including those necessitated by this Order to Show Cause.

21.    Defendant respectfully requests that the Court grant the defendant's Order to Show Cause for a default judgment and award defendant all attorneys' fees, costs and expenses incurred from October 3, 2007 to date in the defense of this action, including those associated with this

4

application, in the total amount of $14,485.84.   Upon request of the Court, defendant will submit for

*in camera* review all invoices documenting the requested attorneys' fees, costs and expenses.

22.     No prior application for the relief requested herein has been made.

**WHEREFORE**, defendant SYNTHES (U.S.A.) also incorrectly sued herein as SYTH INC.

and SYNTHES, INC. respectfully requests the entry of Default and the entry of the annexed

Judgment against plaintiff.

Dated: New York, New York
       March 10, 2008

**CARYN M. SILVERMAN (CS-4396)**

Sworn to before me this
10th day of March, 2008

Notary Public

ELAINE CRUZ, NOTARY PUBLIC
STATE OF NEW YORK, #4994553
QUALIFIED IN QUEENS COUNTY
COMMISSION EXPIRES APRIL 6, 20

5

NY/520236v1

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                :

NELSON PINERO,                    :

            Plaintiff,         :

     -against-              :            06 Civ. 13363 (GEL)

CITY OF NEW YORK, NEW YORK CITY  :
AND HOSPITALS CORPORATION, LINCOLN  :           **ORDER**
MEDICAL AND MENTAL HEALTH CENTER,  :
LINCOLN HOSPITAL AUXILIARY, INC.,  :
SYNTHES, INC., and DOCTOR ANTONIO  :
DEVALLE,                    :

          Defendant(s).      :

---------------------------------------------------------------x

GERARD E. LYNCH, District Judge:

      This case was originally filed in the Supreme Court of the State of New York for New York County. While the case was still pending in state court, the action was discontinued with prejudice by stipulation as against the defendants City of New York, New York City Health and Hospitals Corporation, Lincoln Medical and Mental Health Center, and Lincoln Hospital Auxiliary, Inc. So far as can be determined, defendant Doctor Antonio DeValle was never served and has never participated in the action.

      Defendant Synthes, Inc., which claims properly to be known as Synthes (U.S.A.), removed the action to this Court on November 20, 2006, and promptly moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(5), for insufficiency of service of process. The defendant has filed and submitted its motion, a memorandum of law, and a supporting declaration with exhibits, along with a certificate of service that these papers were served on plaintiff's counsel, Aron Rattner, Esq., by regular mail on December 1, 2006. Plaintiff has never responded to this motion, nor filed any paper or taken any action in this case. Counsel for plaintiff has never entered an appearance in this Court.

      On a motion to dismiss for insufficient service, a court "must look to matters outside the complaint." Mende v. Milstone Technology, Inc., 269 F. Supp.2d 246, 251 (S.D.N.Y. 2003), quoting Darden v. DaimlerChrysler N. Am. Holding Corp., 191 F. Supp.2d 382, 287 (S.D.N.Y. 2002) (internal quotation marks omitted). The plaintiff bears the burden of proving adequacy of service, id., citing Preston v. New York, 223 F. Supp.2d 452, 466 (S.D.N.Y. 2002), and "[c]onclusory statements that a defendant was properly served are insufficient to overcome a defendant's sworn affidavit that he was never served with process." Id., quoting Howard v.

<u>Klynveld Peat Marwick Goedeler</u>, 966 F. Supp. 654, 658 (S.D.N.Y. 1999) (internal quotation marks omitted).

Here, defendant has provided such sworn affidavits, persuasively documenting an absence of service during the time permitted for such service. Plaintiff has not responded to defendant's motion to dismiss, and thus has failed to contest the factual assertions in defendant's submission. Nor has plaintiff sought to obviate the concern by re-serving defendant, or by seeking an extension of time to properly serve defendant. Since plaintiff has not served defendant in the time required, and has apparently abandoned this litigation, defendant's motion will be granted.

Since plaintiff has also failed to serve defendant DeValle, and has withdrawn the action with prejudice as against all other defendants, nothing further remains of the litigation.

Accordingly, defendant's motion to dismiss the action is granted, and the case is dismissed in its entirety. The Clerk is respectfully directed to close the case.

SO ORDERED.

Dated: New York, New York
       January 17, 2007

GERARD E. LYNCH
United States District Judge

2

# EXHIBIT B

**07 CV 10935**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NELSON PINERO,

               Plaintiff,

       -against-

SYNTHES (U.S.A.), SYTH INC. and SYNTHES,
INC.,

               Defendants.
------------------------------------------------------------X

Civil Action No.

**NOTICE OF REMOVAL**

NOV 30 2007
U.S.D.C. S.D. N.Y.
CASHIERS

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK:

     The defendant herein, SYNTHES (U.S.A.), also sued herein as SYTH INC. and SYNTHES,

INC., (hereinafter "SYNTHES (U.S.A.)") by its attorneys, Sedgwick, Detert, Moran & Arnold LLP,

respectfully petitions as follows:

     1.    Upon information and belief, on or about August 16, 2007, an action was commenced

against SYNTHES (U.S.A.), SYTH INC. and SYNTHES, INC., by filing the action in the Supreme

Court of the State of New York, New York County, by NELSON PINERO. The suit is identified in

the Supreme Court of the State of New York, New York County, as *Nelson Pinero v. Synthes,*

*(U.S.A.), et al.,* Index No. 111253/07.

     2.    On October 3, 2007, defendants SYNTHES (U.S.A.), SYTH INC. and SYNTHES,

INC. received one Summons and Complaint. **Exhibit A.** The Summons and Verified Complaint

allege the nature of this action is based upon, *inter alia*, strict liability resulting from injuries

allegedly sustained by plaintiff as a result of a surgically implanted plate in plaintiff's mandible that

was allegedly designed, tested manufactured and sold by defendant SYNTHES (U.S.A.). However,

neither the Summons nor Verified Complaint specified monetary damages.

1

3.     Upon information and belief, the plaintiff Nelson Pinero is a resident of the State of New York, County of Nassau. Exhibit A, ¶1.

4.     Defendant SYNTHES (U.S.A.) is an entity organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 1302 Wrights Lane East, West Chester, Pennsylvania 19380.

5.     Defendant SYTH INC. is an entity organized and existing under the laws of the State of Delaware with its principal place of business at 1302 Wrights Lane East, West Chester, Pennsylvania 19380.

6.     Defendant SYTHES, INC. is an entity organized and existing under the laws of the State of Delaware with its principal place of business at 1302 Wrights Lane East, West Chester, Pennsylvania 19380.

7.     On October 23, 2007, defendant SYNTHES (U.S.A.) served via U.S. Mail, a Verified Answer, denying the plaintiff's allegations, and asserting various affirmative defenses. **Exhibit B.**

8.     On October 23, 2007, defendant SYNTHES (U.S.A.) served, via U.S. Mail, a Request for Admission upon plaintiff, stating that "Plaintiff, NELSON PINERO, seeks damages in excess of SEVENTY-FIVE-THOUSAND-DOLLARS ($75,000.00) for the injuries alleged in plaintiff's Verified Complaint." **Exhibit C.** To date, a response has not been received.

9.     Pursuant to C.P.L.R. 3123 (a):

> "Each of the matters of which an admission is requested shall be **deemed admitted** unless within twenty days after service ... the party to whom the request is directed serves upon the party requesting the admission a sworn statement either denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully either admit or deny those matters." (*Emphasis Added*).

2

Dated: New York, New York
      November 30, 2007

Yours, etc.

SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: _____
    Caryn M. Silverman (CS-4396)
    *Attorneys for Defendant SYNTHES (U.S.A.) also*
    *sued herein as SYTH INC. and SYNTHES, INC.*
    125 Broad Street – 39th Floor
    New York, New York 10004-2400
    (212) 422-0202
    (212) 422-0925 *Facsimile*
    [SDMA File No. 0484-020529]

TO:    Aron Rattner, Esq.
       RATTNER & WAIDE
       *Attorneys for Plaintiff*
       26 Broadway, 21st Floor
       New York, New York 10004
       (212) 742-9244

4

## CERTIFICATE OF SERVICE

I, CARYN M. SILVERMAN, hereby certify and affirm that a true and correct copy of the attached **NOTICE OF REMOVAL** was served via U.S. mail on this 30th day of November, 2007, upon the following:

Aron Rattner, Esq.
RATTNER & WAIDE
Attorneys for Plaintiff
26 Broadway, 21st Floor
New York, New York 10004
(212) 742-9244

_____

CARYN M. SILVERMAN (CS-4396)

Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No.:
Date purchased:

---------------------------------------------------------------X

NELSON PINERO,

**SUMMONS**

          Plaintiff,

Plaintiff designates New York
County as the place of trial.

      -against-

SYNTHES (USA), SYTH INC. and SYNTHES, INC.

          Defendants.

---------------------------------------------------------------X

## To the above named Defendants:

     **You are hereby summoned** to answer the complaint in this action, and to serve a
copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance on the Plaintiff's attorneys within twenty days after the service of this summons,
exclusive of the day of service, where service is made by delivery upon you personally within
the state, or, within 30 days after completion of service where service is made in any other
manner. In case of your failure to appear or answer, judgment will be taken against you by
default for the relief demanded in the complaint.

Dated: New York, NY
      August 15, 2007

Yours, etc.,

RATTNER & WAIDE

By:
    Aron Rattner, Esq.
Attorneys for Plaintiff
26 Broadway, 21st Floor
New York, NY 10004
(212) 742-9244

TO:
SYNTHES (USA), SYTH INC., SYNTHES INC.
1302 Wrights Lane East, West Chester, PA 19380

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------X    Index No.:

NELSON PINERO,

        Plaintiff,    **VERIFIED COMPLAINT**

    -against-

SYNTHES (USA), SYTH INC. and SYNTHES, INC.
        Defendants.

---------------------------------------------------------------X

    Plaintiff, by his attorneys, **RATTNER & WAIDE**, complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

    1. At the time of the commencement of this action Plaintiff, **NELSON PINERO**, was, and still is a resident of the County of Nassau and State of New York.

    2. Upon information and belief, that at all times herein mentioned, the Defendant, SYNTHES (USA) was and still is a foreign partnership licensed to conduct business within the State of New York.

    3. Upon information and belief, that at all times herein mentioned, the Defendant, SYNTHES (USA) was and still is a foreign partnership with its corporate headquarters in the State of Pennsylvania.

    4. Upon information and belief, that at all times herein mentioned, the Defendant, SYNTHES (USA), was and still is a foreign partnership with offices within the State of New York.

    5. Upon information and belief, that at all times herein mentioned, the Defendant, SYTH, INC., was and still is a foreign corporation licensed to conduct business within the State of New York.

    6. Upon information and belief, that at all times herein mentioned, the Defendant, SYTH, INC., was and still is a Delaware corporation.

    7. Upon information and belief, that at all times herein mentioned, the Defendant, SYNTHES, INC., was and still is a New York corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Upon information and belief, that at all times herein mentioned, the Defendant, SYNTHES, INC., was and still is a foreign corporation licensed to conduct business within the State of New York.

9. Upon information and belief, that at all times herein mentioned, the Defendant, SYNTHES, INC., was and still is a foreign corporation that is not licensed to conduct business within the State of New York.

## AS AND FOR A FIRST CAUSE OF ACTION

10. Defendants designed, tested, manufactured, sold and promoted a 25-hole Synthes 2.4 locking V cam plate. ("Synthes plate")

11. On June 19, 2002, the "Synthes plate" was implanted and fashioned to Plaintiff's mandible.

12. On January 16, 2005, Plaintiff began to experience severe pain in the area where the Synthes Plate was implanted.

13. Plaintiff thereafter went to St. Vincent's Hospital due to the intense pain.

14. Plaintiff was told while at St. Vincent's Hospital that the Synthes Plate was Broken, and that was the cause of his pain.

15. Defendant was careless in the design, testing, inspection, manufacture, distribution, labeling, sale and promotion of said Synthes plate.

16. As a result of Defendant's, SYNTHES, INC.'s, conduct, Plaintiff was seriously injured and has sustained general and special damages.

17. The amount of damages sought in this cause of action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION

18. Plaintiff repeats and re-alleges each and every allegation set for previously.

19. The Synthes plate was defective.

20. That Defendants are therefore strictly liable to Plaintiff for his injuries..

21. Upon information and belief the nature of the defect in design of the Synthes plate was latent and that Plaintiff did not and, by the exercise of reasonable care, could not discover it, nor could he , by exercising such reasonable care, have perceived the danger incident to the design.

21. The amount of damages sought in this cause of action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A THIRD CAUSE OF ACTION

22. Plaintiff repeats and re-alleges each and every allegation set for previously.

23. Defendants are strictly liable in tort for Plaintiff's injuries and damages because the defect was a substantial factor in bringing about the injuries; the product was, at the time of the accident, being used for the purpose for which it was intended.

24. The amount of damages sought in this cause of action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction..

**WHEREFORE**, Plaintiff NELSON PINERO demands judgment against the Defendants herein, or any of them, on each an every cause of action alleged herein in an amount that exceeds the jurisdictional limits of all lower courts which otherwise have jurisdiction

Yours, etc.,

RATTNER & WAIDE

By:_____

Aron Rattner, Esq.
Attorneys for Plaintiff(s)
**NELSON PINERO**
26 Broadway,21st Floor
New York, NY 10004
(212) 742-9244

## ATTORNEY'S VERIFICATION

ARON RATTNER, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am a member of the firm of RATTNER & WAIDE, attorneys of record for Plaintiff(s), **NELSON PINERO**. I have read the annexed

## VERIFIED COMPLAINT

and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff(s) is that Plaintiff(s) is/are not presently in the county wherein the attorneys for the plaintiff(s) maintain their offices.

Dated: New York, NY
    August 15, 2007

ARON RATTNER, ESQ.

RATTNER & WADE

━━━━━━━ NOTICE OF ENTRY ━━━━━━━

PLEASE take notice that the within is a *(certified)*
true copy of a
duly entered in the office of the clerk of the within
named court on
19

Dated,
          Yours, etc.,

*Attorney for*

          *Office and Post Office Address*

To
*Attorney(s) for*

━━━━━━━ NOTICE OF SETTLEMENT ━━━━━━━

PLEASE take notice that an order
of which the within is a true copy will be presented
for settlement to the Hon.
one of the judges of the within named Court, at
on
at                        19
Dated,
          Yours, etc.,

*Attorney for*

          *Office and Post Office Address*

To
*Attorney(s) for*

---

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No.                    Year 19

Inde;* No;:               Year 3v

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━x

NELSON PINERO

                                    Plaintiff

          -against-

SYNTHES (USA), SYTH INC., and
SYNTHES INC.

                                    Defendants

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━x

## SUMMONS & COMPLAINT

RATTNER & WADE

*Attorney for*

          *Office and Post Office Address, Telephone*

To
*Attorney(s) for*

Service of a copy of the within
                    is hereby admitted.
Dated,

*Attorney(s) for*

1983C—JULIUS BLUMBERG, INC., LAW BLANK PUBLISHERS, NYC 10013

© 1995 JULIUS BLUMBERG, INC.

STATE OF NEW YORK, COUNTY OF                                    ss.:

I, the undersigned, an attorney admitted to practice in the courts of New York State,

☐ **Certificate by Attorney**     certify that the within

has been compared by me with the original and found to be a true and complete copy.

☐ **Attorney's Affirmation**     state that I am

the attorney(s) of record for                                                    in the within

action; I have read the foregoing                                    and know the contents thereof;

the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters

I believe it to be true. The reason this verification is made by me and not by

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated:                                                    ..................................................................

                                                              The name signed must be printed beneath

STATE OF NEW YORK, COUNTY OF                                    ss.:

I, the undersigned, being duly sworn, depose and say: I am

☐ **Individual Verification**     in the action; I have read the foregoing

and know the contents thereof; the same is true to my own knowledge, except

as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

☐ **Corporate Verification**     the                                    of

a                                                    corporation and a party in the within action; I have read the foregoing

and know the contents thereof; and the same is true to my own knowledge,

except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. This

verification is made by me because the above party is a corporation and I am an officer thereof.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

Sworn to before me on                                    ..................................................................

                                                              The name signed must be printed beneath

STATE OF NEW YORK, COUNTY OF                                    ss.:          (If more than one box is checked—indicate after names type of service used.)

I, the undersigned, being sworn, say: I am not a party to the action, am over 18 years of age and reside at

On                                    I served the within

☐ **Service by Mail**     by mailing a copy to each of the following persons at the last known address set forth after each name below.

☐ **Personal Service on Individual**     by delivering a true copy of each personally to each person named below at the address indicated. I knew each person served to be the person mentioned and described in said papers as *a party therein:*

☐ **Service by Electronic Means**     by transmitting a copy to the following persons by ☐ FAX at the telephone number set forth after each name below ☐ E-MAIL at the E-Mail address set forth after each name below, which was designated by the attorney for such purpose, and by mailing a copy to the address set forth after each name.

☐ **Overnight Delivery Service**     by dispatching a copy by overnight delivery to each of the following persons at the last known address set forth after each name below.

Sworn to before me on                                    ..................................................................

                                                              The name signed must be printed beneath

Exhibit B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------X

NELSON PINERO,

Index No.:

                  Plaintiff,

**VERIFIED ANSWER TO**
**VERIFIED COMPLAINT**

       -against-

SYNTHES (U.S.A.), SYTH INC. and SYNTHES, INC.,

               Defendants.

-------------------------------------------------------------------X

Defendant, SYNTHES (U.S.A.), also sued herein as SYTH INC. and SYNTHES, INC.,

(hereinafter SYNTHES (U.S.A.)) by and through its attorneys, Sedgwick, Detert, Moran &

Arnold LLP, as and for its Verified Answer to Plaintiff's Verified Complaint, states and alleges

as follows upon information and belief:

     FIRST:      Defendant SYNTHES (U.S.A.) denies knowledge or information

sufficient to form a belief as to the truth of each and every allegation contained in paragraph "1"

of plaintiff's Verified Complaint.

     SECOND:    Defendant SYNTHES (U.S.A.) denies each and every allegation contained

in paragraph "2" of plaintiff's Verified Complaint in the form alleged, except admits that

SYNTHES (U.S.A.) is a Pennsylvania general partnership with its principal place of business in

Pennsylvania and SYNTHES (U.S.A.) has transacted business in the State of New York, and

respectfully refers all questions of law to the Honorable Court.

     THIRD:     Defendant SYNTHES (U.S.A.) denies each and every allegation contained

in paragraph "3" of plaintiff's Verified Complaint in the form alleged, except admits that

SYNTHES (U.S.A.) is a Pennsylvania general partnership with its principal place of business in

Pennsylvania, and respectfully refers all questions of law to the Honorable Court.

FOURTH:    Defendant SYNTHES (U.S.A.) denies each and every allegation contained in paragraph "4" of plaintiff's Verified Complaint in the form alleged, except admits that SYNTHES (U.S.A.) is a Pennsylvania general partnership with its principal place of business in Pennsylvania, and respectfully refers all questions of law to the Honorable Court.

FIFTH:    Defendant SYNTHES (U.S.A.) denies each and every allegation contained in paragraph "5" of plaintiff's Verified Complaint in the form alleged, except admits that SYTH, INC. is a Delaware corporation qualified to do business in the State of New York, and respectfully refers all questions of law to the Honorable Court.

SIXTH:    Defendant SYNTHES (U.S.A.) denies each and every allegation contained in paragraph "6" of plaintiff's Verified Complaint in the form alleged, except admits that SYTH, INC. is a Delaware corporation, and respectfully refers all questions of law to the Honorable Court.

SEVENTH:    Defendant SYNTHES (U.S.A.) denies each and every allegation contained in paragraph "7" of plaintiff's Verified Complaint in the form alleged, except admits that SYNTHES, INC. is a Delaware corporation, and respectfully refers all questions of law to the Honorable Court.

EIGHTH:    Defendant SYNTHES (U.S.A.) denies each and every allegation contained in paragraph "8" of plaintiff's Verified Complaint in the form alleged, except admits that SYNTHES, INC. is a Delaware corporation, and respectfully refers all questions of law to the Honorable Court.

NINTH:       Defendant SYNTHES (U.S.A.) denies each and every allegation contained in paragraph "9" of plaintiff's Verified Complaint, except admits that SYNTHES, INC. is a Delaware corporation, and respectfully refers all questions of law to the Honorable Court.

## AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

TENTH:       Defendant SYNTHES (U.S.A.) denies each and every allegation contained in paragraph "10" of plaintiff's Verified Complaint, except admits that SYNTHES (U.S.A.) was and still is engaged in the business of manufacturing, marketing, distributing and selling certain orthopedic internal fixation devices to the medical community. However, SYNTHES (U.S.A.) can neither admit nor deny whether any such product was used during the alleged treatment of plaintiff without knowing the specific device used and its product and lot numbers.

ELEVENTH:       Defendant SYNTHES (U.S.A.) denies each and every allegation contained in paragraph "11" of plaintiff's Verified Complaint, except admits that SYNTHES (U.S.A.) was and still is engaged in the business of manufacturing, marketing, distributing and selling certain orthopedic internal fixation devices to the medical community. However, SYNTHES (U.S.A.) can neither admit nor deny whether any such product was used during the alleged treatment of plaintiff without knowing the specific device used and its product and lot numbers.

TWELFTH:  Defendant SYNTHES (U.S.A.) denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "12" of plaintiff's Verified Complaint.

THIRTEENTH:       Defendant SYNTHES (U.S.A.) denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "13" of plaintiff's Verified Complaint.

FOURTEENTH:     Defendant SYNTHES (U.S.A.) denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "14" of plaintiff's Verified Complaint and respectfully refers all questions of law to the Honorable Court.

FIFTEENTH:     Defendant SYNTHES (U.S.A.) denies each and every allegation contained in paragraph "15" of plaintiff's Verified Complaint.

SIXTEENTH:     Defendant SYNTHES (U.S.A.) denies each and every allegation contained in paragraph "16" of plaintiff's Verified Complaint.

SEVENTEENTH:     Defendant SYNTHES (U.S.A.) denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "17" of plaintiff's Verified Complaint.

### AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION

EIGHTEENTH:     In response to paragraph "18" of plaintiff's Verified Complaint, defendant SYNTHES (U.S.A.) repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "17," inclusive, with the same force and effect as if more fully set forth at length herein.

NINETEENTH:     Defendant SYNTHES (U.S.A.) denies each and every allegation contained in paragraph "19" of plaintiff's Verified Complaint.

TWENTIETH:     Defendant SYNTHES (U.S.A.) denies each and every allegation contained in paragraph "20" of plaintiff's Verified Complaint.

TWENTY-FIRST:     Defendant SYNTHES (U.S.A.) denies each and every allegation contained in paragraph "21" of plaintiff's Verified Complaint.

NY/511252v1

TWENTY-SECOND:        Defendant SYNTHES (U.S.A.) denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "21 [sic]" of plaintiff's Verified Complaint.

### AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION

TWENTY-THIRD:    In response to paragraph "22" of plaintiff's Verified Complaint, defendant SYNTHES (U.S.A.) repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "21 [sic]," inclusive, with the same force and effect as if more fully set forth at length herein.

TWENTY-FOURTH:    Defendant SYNTHES (U.S.A.) denies each and every allegation contained in paragraph "23" of plaintiff's Verified Complaint.

TWENTY-FIFTH:    Defendant SYNTHES (U.S.A.) denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "24" of plaintiff's Verified Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

TWENTY-SIXTH:    Any SYNTHES (U.S.A.) product was manufactured, labeled and sold in accordance with the methods, standards and techniques which were in conformity with the generally recognized state of the art at the time thereof.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

TWENTY-SEVENTH:        Upon information and belief, any injuries, losses or damages that the plaintiff may have sustained were caused, in whole or in part, by the acts of the plaintiff, including comparative negligence and assumption of risk. In accordance with Article 14 of the Civil Practice Law and Rules of the State of New York, the amount of damages

otherwise recoverable shall be diminished in the proportion to which the culpable conduct attributable to the plaintiff bears to the culpable conduct which caused the damages.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

TWENTY-EIGHTH:          Plaintiff's Verified Complaint fails or may fail to state a claim on which relief may be granted.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

TWENTY-NINTH:     Upon information and belief, any injuries, losses or damages that the plaintiff may have sustained were caused, in whole or in part, by misuse or abuse of the product, failure to use the product properly, alteration or negligent use of the product or by use of the product for a purpose and in a manner not intended or recommended by the manufacturer or distributor thereof and over which SYNTHES (U.S.A.) had no control.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

THIRTIETH: Upon information and belief, any injuries, losses or damages that the plaintiff may have sustained were caused, in whole or in part, by acts or omissions of one or more persons or entities over whom or which SYNTHES (U.S.A.) neither exercised nor had any right of control, for which SYNTHES (U.S.A.) is and was not responsible, whose conduct SYNTHES (U.S.A.) had no duty or reason to anticipate or control, and with whom or which SYNTHES (U.S.A.) has no legal relationship.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

THIRTY-FIRST:          If plaintiff sustained injuries as alleged, the same were not due or caused by the fault, lack of care, negligence, strict liability, breach of warranty, or breach of duty on the part of SYNTHES (U.S.A.).

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

THIRTY-SECOND: Plaintiff had a duty to exercise reasonable care for his own protection under the circumstances existing and failed to exercise that degree of care that a reasonably prudent person engaged in the alleged activity under like or similar circumstances would have exercised for his own protection and/or voluntarily placed himself in a position of danger; and this failure on the part of plaintiff may have been the sole or a proximate cause of alleged injuries and damages to plaintiff.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

THIRTY-THIRD: If plaintiff sustained the injuries or incurred the expenses alleged, there was an intervening cause and/or causes leading to such alleged injuries, and any action or omission on the part of SYNTHES (U.S.A.) was not the proximate cause of plaintiff's alleged injuries.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

THIRTY-FOURTH: SYNTHES (U.S.A.) justifiably relied upon a learned intermediary and, therefore, cannot be held liable for breach of a duty, if any, to warn the plaintiff.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

THIRTY-FIFTH: If plaintiff sustained injuries as alleged, such injuries were the result, in whole or in part, of pre-existing or unrelated medical, genetic, or environmental conditions, diseases or illnesses of the plaintiff, or through the operation of nature or an unforeseeable idiosyncratic reaction peculiar to the individual plaintiff and not found in the general public, for which SYNTHES (U.S.A.) bears no responsibility.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

THIRTY-SIXTH:      Any plaintiff's claims in warranty are barred for failure to timely notify SYNTHES (U.S.A.) of the alleged breach of warranty and because plaintiff did not rely upon any alleged warranty.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

THIRTY-SEVENTH:      Any SYNTHES (U.S.A.) product is a medical product accompanied by adequate warnings that are neither defective nor unreasonably dangerous and is thus exempted from tort liability pursuant to the Restatement 2d of Torts § 402(a) (Comments J and K).

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

THIRTY-EIGHTH:   The absence, if any, of warnings or delivery of such warnings did not lead to the reliance by the plaintiff and/or a learned intermediary on the safety of such products used in this particular case.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

THIRTY-NINTH:      To the extent SYNTHES (U.S.A.) was responsible for the package inserts and/or labeling for any of the alleged products in plaintiff's Verified Complaint, the package literature for the product gave full, complete and adequate warnings which complied with all applicable statutes and regulations.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

FORTIETH:   If SYNTHES (U.S.A.) is found liable to plaintiff for any non-economic loss allegedly suffered by plaintiff and such liability equals fifty percent or less of the total liability of all persons liable, then pursuant to the Civil Practice Law and Rules, Article 16, of the State of New York, the liability, if any, of SYNTHES (U.S.A.) to plaintiff for his non-economic

losses, shall not exceed SYNTHES (U.S.A.)'s equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for such non-economic loss.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

FORTY-FIRST:    If the plaintiff sustained injury or damage as alleged, they were exacerbated by the plaintiff's failure to mitigate such injury or damage.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

FORTY-SECOND:    The plaintiff may not recover for economic losses that have been or will be replaced or indemnified by collateral sources.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

FORTY-THIRD:    Upon information and belief, the product referred to in the Verified Complaint conformed to the then current state of the art and the then current state of scientific and industrial knowledge and practice; and SYNTHES (U.S.A.) could not reasonably know that the product might pose a risk of harm.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

FORTY-FOURTH:    SYNTHES (U.S.A.) had no notice, constructive or otherwise, of the alleged defects of the subject product.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

FORTY-FIFTH:    SYNTHES (U.S.A.) hereby gives a notice that it intends to rely upon such other defenses as may become available or appear during discovery proceedings in this case and hereby reserves the right to amend its Verified Answer to Plaintiff's Verified Complaint to assert any such defense.

9

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

FORTY-SIXTH:       Plaintiff's claims are time barred by the applicable statutes of limitation.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

FORTY-SEVENTH:  Plaintiff's Verified Complaint fails to comply with CPLR §305(a).

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

FORTY-EIGHTH:       The plaintiff has failed to comply with the requirements of CPLR §3017.

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

FORTY-NINTH:       SYTH INC. and SYNTHES, INC. are improper defendants in this action.

## AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

FIFTIETH:    Plaintiff's Verified Complaint fails to comply with CPLR §3014.

## AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

FIFTY-FIRST:       The defendants SYNTHES (U.S.A.) and SYNTHES, INC. were not served in accordance with the provisions of the Civil Practice Law and Rules and the Court, therefore lacks jurisdiction over the defendants, SYNTHES (U.S.A.) and SYNTHES, INC.

WHEREFORE, SYNTHES (U.S.A.), also sued herein as SYTH, INC. and SYNTHES, INC., demands judgment dismissing the plaintiff's Verified Complaint in all respects, for the costs and disbursements of this action, including reasonable attorneys' fees, and for such other and further relief as to this Court may seem just and proper.

Dated: New York, New York
            October 23, 2007

Yours, etc.,

SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: _____

David M. Covey
125 Broad Street, 39th Floor
New York, New York 10004-2400
Telephone: (212) 422-0202
Facsimile: (212) 422-0925

*Attorneys for Defendant*
*SYNTHES (U.S.A.) also sued herein as*
*SYTH INC. and SYNTHES, INC.*

TO:    RATTNER & WAIDE
       26 Broadway
       21st Floor
       New York, New York 10004
       (212) 742-9244
       *Attorney for Plaintiff*

## ATTORNEY'S VERIFICATION

David M. Covey, being duly sworn, deposes and says:

That he is a member of the firm of attorneys representing the defendant, SYNTHES (U.S.A.) also sued herein as SYTH INC. and SYNTHES, INC.

That he has read the foregoing Verified Answer to Plaintiff's Verified Complaint and the same is true to his own belief, except as to matters alleged on information and belief, and, as to those matters, he believes them to be true to the best of his knowledge.

That deponent's sources of information are correspondence and conversations with the answering defendant.

That this verification is made by deponent because his client is not within the county where deponent maintains their office.

David M. Covey

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK     )

                              : ss.:

COUNTY OF NEW YORK  )

     Jennifer Greenaway, being duly sworn, deposes and says: that deponent is not a party to the action, is over 18 years of age and resides in the State of New York, Kings County.

     That on the 23rd day of October, 2007, deponent served the within **VERIFIED ANSWER TO VERIFIED COMPLAINT** upon:

> RATTNER & WAIDE
> *Attorneys for Plaintiff*
> 26 Broadway
> 21st Floor
> New York  New York  10004
> (212) 742-9244

at the address designated by said attorneys for the purpose of depositing a true copy of same enclosed in a postpaid, properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

*Jennifer Greenaway*
Jennifer Greenaway

Sworn to before me, this
23nd day of October, 2007

Notary Public

ELAINE CRUZ, NOTARY PUBLIC
STATE OF NEW YORK, #4994553
QUALIFIED IN QUEENS COUNTY
COMMISSION EXPIRES APRIL 6, 20 10

NY/511252v1

Exhibit C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X

NELSON PINERO,

Index No.

               Plaintiff,

**REQUEST FOR ADMISSION**

      -against-

SYNTHES (U.S.A.), SYTH INC. and SYNTHES, INC.,

              Defendants.
------------------------------------------------------------------X

**COUNSEL:**

Pursuant to CPLR 3123, the defendant SYNTHES (U.S.A.), also sued herein as SYTH INC.

and SYNTHES, INC., by and through its attorneys, Sedgwick, Detert, Moran & Arnold LLP, hereby

makes the following Request for Admission to the plaintiff NELSON PINERO:

1.    Plaintiff NELSON PINERO, seeks damages in excess of SEVENTY-FIVE-

THOUSAND-DOLLARS ($75,000.00) for the injuries alleged in plaintiff's Verified Complaint.

Dated:  New York, New York
       October 23, 2007

               Yours, etc.,

               SEDGWICK, DETERT, MORAN & ARNOLD LLP

By:                              
         David M. Covey
         125 Broad Street, 39th Floor
         New York, New York 10004-2400
         Telephone: (212) 422-0202
         Facsimile: (212) 422-0925

         *Attorneys for Defendant*
         *SYNTHES (U.S.A.) also sued herein as*
         *SYTH INC. and SYNTHES, INC.*

TO:     RATTNER & WAIDE
        26 Broadway
        21st Floor
        New York, New York  10004
        (212) 742-9244
        *Attorneys for Plaintiff*

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK     )
                       : ss.:

COUNTY OF NEW YORK  )

      Jennifer Greenaway, being duly sworn, deposes and says: that deponent is not a party to the action, is over 18 years of age and resides in the State of New York, Kings County.

      That on the 23rd day of October, 2007, deponent served the within **REQUEST FOR ADMISSION** upon:

> RATTNER & WAIDE
> *Attorneys for Plaintiff*
> 26 Broadway
> 21st Floor
> New York  New York  10004
> (212) 742-9244

at the address designated by said attorneys for the purpose of depositing a true copy of same enclosed in a postpaid, properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

*Jennifer Greenaway*
_____
Jennifer Greenaway

Sworn to before me, this
23rd day October, 2007

_____
Notary Public

ELAINE CRUZ, NOTARY PUBLIC
STATE OF NEW YORK, #4994553
QUALIFIED IN QUEENS COUNTY
COMMISSION EXPIRES APRIL 6, 20

Civil Action No.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NELSON PINERO,

Plaintiff,

- against -

SYNTHES (U.S.A.), SYTH INC. and SYNTHES, INC.,

Defendants.

NOTICE OF REMOVAL

SEDGWICK, DETERT, MORAN & ARNOLD LLP
*Attorney(s) for* Defendant
SYNTHES (U.S.A.) *incorrectly sued herein as* SYNTHES, INC.
*Offices and Post Office Address*
125 BROAD STREET
NEW YORK, N.Y. 10004
Tel. (212) 422-0202

Service of a copy of the within _____ is hereby admitted.

Dated, _____

_____
*Attorney(s) for* Plaintiff

DATE: _____
CM NO.
SDMA
RECORD INDEX
To: Denise Waye

NOTICE OF SETTLEMENT

Sir:–Please take notice that an order
of which the within is a true copy will be presented
for settlement to the Hon.
one of the judges of the within named Court, at
at
on
Dated,

Yours, etc.,
SEDGWICK, DETERT, MORAN & ARNOLD LLP
*Attorney(s) for* Defendant
*Offices and Post Office Address*
125 BROAD STREET
NEW YORK, N.Y. 10004

To

*Attorney(s) for*

NOTICE OF ENTRY

Sir:–Please take notice that the within is a *(certified)*
true copy of a
duly entered in the office of the clerk of the within
named court on

Dated,

Yours, etc.,
SEDGWICK, DETERT, MORAN & ARNOLD LLP
*Attorney(s) for* Defendant
*Offices and Post Office Address*
125 BROAD STREET
NEW YORK, N.Y. 10004

To

*Attorney's for*

NY/515117v1

# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No.:
Date purchased:

-----------------------------------------------------------------X

NELSON PINERO,

## SUMMONS

         Plaintiff,

Plaintiff designates New York
County as the place of trial.

      -against-

SYNTHES (USA), SYTH INC. and SYNTHES, INC.

        Defendants.

-----------------------------------------------------------------X

## To the above named Defendants:

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, NY
      August 15, 2007

Yours, etc.,

RATTNER & WAIDE

By:

    Aron Rattner, Esq.
Attorneys for Plaintiff
26 Broadway, 21st Floor
New York, NY 10004
(212) 742-9244

TO:
SYNTHES (USA), SYTH INC., SYNTHES INC.
1302 Wrights Lane East, West Chester, PA 19380

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X    Index No.:
NELSON PINERO,

          Plaintiff,    **VERIFIED COMPLAINT**

       -against-

SYNTHES (USA), SYTH INC. and SYNTHES, INC.
          Defendants.

-------------------------------------------------------------------X

      Plaintiff, by his attorneys, **RATTNER & WAIDE**, complaining of the Defendants,
respectfully alleges, upon information and belief, as follows:

      1. At the time of the commencement of this action Plaintiff, **NELSON PINERO**, was,
and still is a resident of the County of Nassau and State of New York.

      2. Upon information and belief, that at all times herein mentioned, the Defendant,
SYNTHES (USA) was and still is a foreign partnership licensed to conduct business within the
State of New York.

      3. Upon information and belief, that at all times herein mentioned, the Defendant,
SYNTHES (USA) was and still is a foreign partnership with its corporate headquarters in the
State of Pennsylvania.

      4. Upon information and belief, that at all times herein mentioned, the Defendant,
SYNTHES (USA), was and still is a foreign partnership with offices within the State of New
York.

      5. Upon information and belief, that at all times herein mentioned, the Defendant,
SYTH, INC., was and still is a foreign corporation licensed to conduct business within the State
of New York.

      6. Upon information and belief, that at all times herein mentioned, the Defendant,
SYTH, INC., was and still is a Delaware corporation.

      7. Upon information and belief, that at all times herein mentioned, the Defendant,
SYNTHES, INC., was and still is a New York corporation duly organized and existing under
and by virtue of the laws of the State of New York.

8. Upon information and belief, that at all times herein mentioned, the Defendant, SYNTHES, INC., was and still is a foreign corporation licensed to conduct business within the State of New York.

9. Upon information and belief, that at all times herein mentioned, the Defendant, SYNTHES, INC., was and still is a foreign corporation that is not licensed to conduct business within the State of New York.

## AS AND FOR A FIRST CAUSE OF ACTION

10. Defendants designed, tested, manufactured, sold and promoted a 25-hole Synthes 2.4 locking V cam plate. ("Synthes plate")

11. On June 19, 2002, the "Synthes plate" was implanted and fashioned to Plaintiff's mandible.

12. On January 16, 2005, Plaintiff began to experience severe pain in the area where the Synthes Plate was implanted.

13. Plaintiff thereafter went to St. Vincent's Hospital due to the intense pain.

14. Plaintiff was told while at St. Vincent's Hospital that the Synthes Plate was Broken, and that was the cause of his pain.

15. Defendant was careless in the design, testing, inspection, manufacture, distribution, labeling, sale and promotion of said Synthes plate.

16. As a result of Defendant's, SYNTHES, INC.'s, conduct, Plaintiff was seriously injured and has sustained general and special damages.

17. The amount of damages sought in this cause of action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION

18. Plaintiff repeats and re-alleges each and every allegation set for previously.

19. The Synthes plate was defective.

20. That Defendants are therefore strictly liable to Plaintiff for his injuries..

21. Upon information and belief the nature of the defect in design of the Synthes plate was latent and that Plaintiff did not and, by the exercise of reasonable care, could not discover it, nor could he , by exercising such reasonable care, have perceived the danger incident to the design.

21. The amount of damages sought in this cause of action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A THIRD CAUSE OF ACTION

22. Plaintiff repeats and re-alleges each and every allegation set for previously.

23. Defendants are strictly liable in tort for Plaintiff's injuries and damages because the defect was a substantial factor in bringing about the injuries; the product was, at the time of the accident, being used for the purpose for which it was intended.

24. The amount of damages sought in this cause of action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction..

**WHEREFORE**, Plaintiff **NELSON PINERO** demands judgment against the Defendants herein, or any of them, on each an every cause of action alleged herein in an amount that exceeds the jurisdictional limits of all lower courts which otherwise have jurisdiction

Yours, etc.,

RATTNER & WAIDE

By:_____
        Aron Rattner, Esq.
Attorneys for Plaintiff(s)
**NELSON PINERO**
26 Broadway, 21st Floor
New York, NY 10004
(212) 742-9244

## ATTORNEY'S VERIFICATION

**ARON RATTNER**, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am a member of the firm of RATTNER & WAIDE, attorneys of record for Plaintiff(s), **NELSON PINERO**.  I have read the annexed

## VERIFIED COMPLAINT

and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true.  My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff(s) is that Plaintiff(s) is/are not presently in the county wherein the attorneys for the plaintiff(s) maintain their offices.

Dated: New York, NY
      August 15, 2007

_____
     ARON RATTNER, ESQ.

RATTNER & WADE

---

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------X

NELSON PIÑERO

Plaintiff,

-against-

SYNTHES (USA), SYTH INC., and
SYNTHES INC.

Defendants.

-----------------------------------------X

Index No.

Index No.                    Year 20___

Year 19

---

**SUMMONS & COMPLAINT**

---

RATTNER & WADE

Attorney for

Office and Post Office Address, Telephone

---

To

Attorney(s) for

Service of a copy of the within
is hereby admitted.

Dated,

Attorney(s) for

---

**NOTICE OF ENTRY**

PLEASE take notice that the within is a (certified)
true copy of a
duly entered in the office of the clerk of the within
named court on                           19

Dated,

Yours, etc.,

Attorney for

Office and Post Office Address

To

Attorney(s) for

---

**NOTICE OF SETTLEMENT**

PLEASE take notice that an order
of which the within is a true copy will be presented
for settlement to the Hon.
one of the judges of the within named Court, at
on                                        19
at             M.
Dated,

Yours, etc.,

Attorney for

Office and Post Office Address

To

Attorney(s) for

---

1500 — JULIUS BLUMBERG, INC., LAW BLANK PUBLISHERS, NYC 10013

© 1995 JULIUS BLUMBERG, INC.,

STATE OF NEW YORK, COUNTY OF                                              ss.:

I, the undersigned, an attorney admitted to practice in the courts of New York State,

☐ Certification
by Attorney
certify that the within

has been compared by me with the original and found to be a true and complete copy.

☐ Attorney's
Affirmation
state that I am

the attorney(s) of record for                                              in the within

action; I have read the foregoing                                              and know the contents thereof;

the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters

I believe it to be true. The reason this verification is made by me and not by

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated:

.................................................................
The name signed must be printed beneath

STATE OF NEW YORK, COUNTY OF                                              ss.:

I, the undersigned, being duly sworn, depose and say: I am

☐ Individual
Verification
in the action; I have read the foregoing

and know the contents thereof; the same is true to my own knowledge, except

as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

☐ Corporate
Verification
the                                              of

a

corporation and a party in the within action; I have read the foregoing

and know the contents thereof; and the same is true to my own knowledge,

except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. This

verification is made by me because the above party is a corporation and I am an officer thereof.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

Sworn to before me on

.................................................................
The name signed must be printed beneath

STATE OF NEW YORK, COUNTY OF                                              ss.:    (If more than one box is checked—indicate after names type of service used.)

I, the undersigned, being sworn, say: I am not a party to the action, am over 18 years of age and reside at

On                                              I served the within

☐ Service
by Mail
by mailing a copy to each of the following persons at the last known address set forth after each name below.

☐ Personal
Service on
Individual
by delivering a true copy of each personally to each person named below at the address indicated. I knew each person served

to be the person mentioned and described in said papers as *a party therein:*

☐ Service by
Electronic
Means
by transmitting a copy to the following persons by ☐ FAX at the telephone number set forth after each name below ☐ E-MAIL

at the E-Mail address set forth after each name below, which was designated by the attorney for such purpose, and by mailing a

copy to the address set forth after each name.

☐ Overnight
Delivery
Service
by dispatching a copy by overnight delivery to each of the following persons at the last known address set forth after each name

below.

Sworn to before me on

.................................................................
The name signed must be printed beneath

# EXHIBIT D

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------X

NELSON PINERO,

                    Plaintiff,

          -against-

SYNTHES (U.S.A.), SYTH INC. and SYNTHES, INC.,

                   Defendants.

-------------------------------------------------------------------X

Index No.:

**VERIFIED ANSWER TO**
**VERIFIED COMPLAINT**

      Defendant, SYNTHES (U.S.A.), also sued herein as SYTH INC. and SYNTHES, INC., (hereinafter SYNTHES (U.S.A.)) by and through its attorneys, Sedgwick, Detert, Moran & Arnold LLP, as and for its Verified Answer to Plaintiff's Verified Complaint, states and alleges as follows upon information and belief:

      FIRST:      Defendant SYNTHES (U.S.A.) denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "1" of plaintiff's Verified Complaint.

      SECOND:     Defendant SYNTHES (U.S.A.) denies each and every allegation contained in paragraph "2" of plaintiff's Verified Complaint in the form alleged, except admits that SYNTHES (U.S.A.) is a Pennsylvania general partnership with its principal place of business in Pennsylvania and SYNTHES (U.S.A.) has transacted business in the State of New York, and respectfully refers all questions of law to the Honorable Court.

      THIRD:      Defendant SYNTHES (U.S.A.) denies each and every allegation contained in paragraph "3" of plaintiff's Verified Complaint in the form alleged, except admits that SYNTHES (U.S.A.) is a Pennsylvania general partnership with its principal place of business in Pennsylvania, and respectfully refers all questions of law to the Honorable Court.

FOURTH:    Defendant SYNTHES (U.S.A.) denies each and every allegation contained in paragraph "4" of plaintiff's Verified Complaint in the form alleged, except admits that SYNTHES (U.S.A.) is a Pennsylvania general partnership with its principal place of business in Pennsylvania, and respectfully refers all questions of law to the Honorable Court.

FIFTH:    Defendant SYNTHES (U.S.A.) denies each and every allegation contained in paragraph "5" of plaintiff's Verified Complaint in the form alleged, except admits that SYTH, INC. is a Delaware corporation qualified to do business in the State of New York, and respectfully refers all questions of law to the Honorable Court.

SIXTH:    Defendant SYNTHES (U.S.A.) denies each and every allegation contained in paragraph "6" of plaintiff's Verified Complaint in the form alleged, except admits that SYTH, INC. is a Delaware corporation, and respectfully refers all questions of law to the Honorable Court.

SEVENTH:    Defendant SYNTHES (U.S.A.) denies each and every allegation contained in paragraph "7" of plaintiff's Verified Complaint in the form alleged, except admits that SYNTHES, INC. is a Delaware corporation, and respectfully refers all questions of law to the Honorable Court.

EIGHTH:    Defendant SYNTHES (U.S.A.) denies each and every allegation contained in paragraph "8" of plaintiff's Verified Complaint in the form alleged, except admits that SYNTHES, INC. is a Delaware corporation, and respectfully refers all questions of law to the Honorable Court.

NINTH:    Defendant SYNTHES (U.S.A.) denies each and every allegation contained in paragraph "9" of plaintiff's Verified Complaint, except admits that SYNTHES, INC. is a Delaware corporation, and respectfully refers all questions of law to the Honorable Court.

## AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

TENTH:    Defendant SYNTHES (U.S.A.) denies each and every allegation contained in paragraph "10" of plaintiff's Verified Complaint, except admits that SYNTHES (U.S.A.) was and still is engaged in the business of manufacturing, marketing, distributing and selling certain orthopedic internal fixation devices to the medical community. However, SYNTHES (U.S.A.) can neither admit nor deny whether any such product was used during the alleged treatment of plaintiff without knowing the specific device used and its product and lot numbers.

ELEVENTH:    Defendant SYNTHES (U.S.A.) denies each and every allegation contained in paragraph "11" of plaintiff's Verified Complaint, except admits that SYNTHES (U.S.A.) was and still is engaged in the business of manufacturing, marketing, distributing and selling certain orthopedic internal fixation devices to the medical community. However, SYNTHES (U.S.A.) can neither admit nor deny whether any such product was used during the alleged treatment of plaintiff without knowing the specific device used and its product and lot numbers.

TWELFTH:    Defendant SYNTHES (U.S.A.) denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "12" of plaintiff's Verified Complaint.

THIRTEENTH:    Defendant SYNTHES (U.S.A.) denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "13" of plaintiff's Verified Complaint.

3

FOURTEENTH:     Defendant SYNTHES (U.S.A.) denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "14" of plaintiff's Verified Complaint and respectfully refers all questions of law to the Honorable Court.

FIFTEENTH:     Defendant SYNTHES (U.S.A.) denies each and every allegation contained in paragraph "15" of plaintiff's Verified Complaint.

SIXTEENTH:     Defendant SYNTHES (U.S.A.) denies each and every allegation contained in paragraph "16" of plaintiff's Verified Complaint.

SEVENTEENTH:     Defendant SYNTHES (U.S.A.) denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "17" of plaintiff's Verified Complaint.

## AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION

EIGHTEENTH:     In response to paragraph "18" of plaintiff's Verified Complaint, defendant SYNTHES (U.S.A.) repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "17," inclusive, with the same force and effect as if more fully set forth at length herein.

NINETEENTH:     Defendant SYNTHES (U.S.A.) denies each and every allegation contained in paragraph "19" of plaintiff's Verified Complaint.

TWENTIETH:     Defendant SYNTHES (U.S.A.) denies each and every allegation contained in paragraph "20" of plaintiff's Verified Complaint.

TWENTY-FIRST:     Defendant SYNTHES (U.S.A.) denies each and every allegation contained in paragraph "21" of plaintiff's Verified Complaint.

TWENTY-SECOND:    Defendant SYNTHES (U.S.A.) denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "21 [sic]" of plaintiff's Verified Complaint.

### AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION

TWENTY-THIRD:    In response to paragraph "22" of plaintiff's Verified Complaint, defendant SYNTHES (U.S.A.) repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "21 [sic]," inclusive, with the same force and effect as if more fully set forth at length herein.

TWENTY-FOURTH:    Defendant SYNTHES (U.S.A.) denies each and every allegation contained in paragraph "23" of plaintiff's Verified Complaint.

TWENTY-FIFTH:    Defendant SYNTHES (U.S.A.) denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "24" of plaintiff's Verified Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

TWENTY-SIXTH:    Any SYNTHES (U.S.A.) product was manufactured, labeled and sold in accordance with the methods, standards and techniques which were in conformity with the generally recognized state of the art at the time thereof.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

TWENTY-SEVENTH:    Upon information and belief, any injuries, losses or damages that the plaintiff may have sustained were caused, in whole or in part, by the acts of the plaintiff, including comparative negligence and assumption of risk. In accordance with Article 14 of the Civil Practice Law and Rules of the State of New York, the amount of damages

otherwise recoverable shall be diminished in the proportion to which the culpable conduct attributable to the plaintiff bears to the culpable conduct which caused the damages.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

TWENTY-EIGHTH:    Plaintiff's Verified Complaint fails or may fail to state a claim on which relief may be granted.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

TWENTY-NINTH:    Upon information and belief, any injuries, losses or damages that the plaintiff may have sustained were caused, in whole or in part, by misuse or abuse of the product, failure to use the product properly, alteration or negligent use of the product or by use of the product for a purpose and in a manner not intended or recommended by the manufacturer or distributor thereof and over which SYNTHES (U.S.A.) had no control.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

THIRTIETH: Upon information and belief, any injuries, losses or damages that the plaintiff may have sustained were caused, in whole or in part, by acts or omissions of one or more persons or entities over whom or which SYNTHES (U.S.A.) neither exercised nor had any right of control, for which SYNTHES (U.S.A.) is and was not responsible, whose conduct SYNTHES (U.S.A.) had no duty or reason to anticipate or control, and with whom or which SYNTHES (U.S.A.) has no legal relationship.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

THIRTY-FIRST:    If plaintiff sustained injuries as alleged, the same were not due or caused by the fault, lack of care, negligence, strict liability, breach of warranty, or breach of duty on the part of SYNTHES (U.S.A.).

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

THIRTY-SECOND: Plaintiff had a duty to exercise reasonable care for his own protection under the circumstances existing and failed to exercise that degree of care that a reasonably prudent person engaged in the alleged activity under like or similar circumstances would have exercised for his own protection and/or voluntarily placed himself in a position of danger; and this failure on the part of plaintiff may have been the sole or a proximate cause of alleged injuries and damages to plaintiff.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

THIRTY-THIRD:    If plaintiff sustained the injuries or incurred the expenses alleged, there was an intervening cause and/or causes leading to such alleged injuries, and any action or omission on the part of SYNTHES (U.S.A.) was not the proximate cause of plaintiff's alleged injuries.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

THIRTY-FOURTH:    SYNTHES    (U.S.A.)   justifiably   relied   upon   a   learned intermediary and, therefore, cannot be held liable for breach of a duty, if any, to warn the plaintiff.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

THIRTY-FIFTH:    If plaintiff sustained injuries as alleged, such injuries were the result, in whole or in part, of pre-existing or unrelated medical, genetic, or environmental conditions, diseases or illnesses of the plaintiff, or through the operation of nature or an unforeseeable idiosyncratic reaction peculiar to the individual plaintiff and not found in the general public, for which SYNTHES (U.S.A.) bears no responsibility.

7

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

THIRTY-SIXTH:    Any plaintiff's claims in warranty are barred for failure to timely notify SYNTHES (U.S.A.) of the alleged breach of warranty and because plaintiff did not rely upon any alleged warranty.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

THIRTY-SEVENTH:    Any SYNTHES (U.S.A.) product is a medical product accompanied by adequate warnings that are neither defective nor unreasonably dangerous and is thus exempted from tort liability pursuant to the Restatement 2d of Torts § 402(a) (Comments J and K).

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

THIRTY-EIGHTH:    The absence, if any, of warnings or delivery of such warnings did not lead to the reliance by the plaintiff and/or a learned intermediary on the safety of such products used in this particular case.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

THIRTY-NINTH:    To the extent SYNTHES (U.S.A.) was responsible for the package inserts and/or labeling for any of the alleged products in plaintiff's Verified Complaint, the package literature for the product gave full, complete and adequate warnings which complied with all applicable statutes and regulations.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

FORTIETH:    If SYNTHES (U.S.A.) is found liable to plaintiff for any non-economic loss allegedly suffered by plaintiff and such liability equals fifty percent or less of the total liability of all persons liable, then pursuant to the Civil Practice Law and Rules, Article 16, of the State of New York, the liability, if any, of SYNTHES (U.S.A.) to plaintiff for his non-economic

losses, shall not exceed SYNTHES (U.S.A.)'s equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for such non-economic loss.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

FORTY-FIRST:    If the plaintiff sustained injury or damage as alleged, they were exacerbated by the plaintiff's failure to mitigate such injury or damage.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

FORTY-SECOND:    The plaintiff may not recover for economic losses that have been or will be replaced or indemnified by collateral sources.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

FORTY-THIRD:    Upon information and belief, the product referred to in the Verified Complaint conformed to the then current state of the art and the then current state of scientific and industrial knowledge and practice; and SYNTHES (U.S.A.) could not reasonably know that the product might pose a risk of harm.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

FORTY-FOURTH:    SYNTHES (U.S.A.) had no notice, constructive or otherwise, of the alleged defects of the subject product.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

FORTY-FIFTH:    SYNTHES (U.S.A.) hereby gives a notice that it intends to rely upon such other defenses as may become available or appear during discovery proceedings in this case and hereby reserves the right to amend its Verified Answer to Plaintiff's Verified Complaint to assert any such defense.

NY/511252v1

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

FORTY-SIXTH: .    Plaintiff's claims are time barred by the applicable statutes of limitation.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

FORTY-SEVENTH:  Plaintiff's Verified Complaint fails to comply with CPLR §305(a).

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

FORTY-EIGHTH:    The plaintiff has failed to comply with the requirements of CPLR §3017.

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

FORTY-NINTH:    SYTH INC. and SYNTHES, INC. are improper defendants in this action.

## AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

FIFTIETH:    Plaintiff's Verified Complaint fails to comply with CPLR §3014.

## AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

FIFTY-FIRST:    The defendants SYNTHES (U.S.A.) and SYNTHES, INC. were not served in accordance with the provisions of the Civil Practice Law and Rules and the Court, therefore lacks jurisdiction over the defendants, SYNTHES (U.S.A.) and SYNTHES, INC.

WHEREFORE, SYNTHES (U.S.A.), also sued herein as SYTH, INC. and SYNTHES, INC., demands judgment dismissing the plaintiff's Verified Complaint in all respects, for the costs and disbursements of this action, including reasonable attorneys' fees, and for such other and further relief as to this Court may seem just and proper.

Dated: New York, New York
         October 23, 2007

Yours, etc.,

SEDGWICK, DETERT, MORAN & ARNOLD LLP

By:  _____

David M. Covey
125 Broad Street, 39th Floor
New York, New York 10004-2400
Telephone: (212) 422-0202
Facsimile: (212) 422-0925

*Attorneys for Defendant
SYNTHES (U.S.A.) also sued herein as
SYTH INC. and SYNTHES, INC.*

TO:    RATTNER & WAIDE
       26 Broadway
       21st Floor
       New York, New York 10004
       (212) 742-9244
       *Attorney for Plaintiff*

**11**

## **ATTORNEY'S VERIFICATION**

David M. Covey, being duly sworn, deposes and says:

That he is a member of the firm of attorneys representing the defendant, SYNTHES (U.S.A.) also sued herein as SYTH INC. and SYNTHES, INC.

That he has read the foregoing Verified Answer to Plaintiff's Verified Complaint and the same is true to his own belief, except as to matters alleged on information and belief, and, as to those matters, he believes them to be true to the best of his knowledge.

That deponent's sources of information are correspondence and conversations with the answering defendant.

That this verification is made by deponent because his client is not within the county where deponent maintains their office.

David M. Covey

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )

                : ss.:

COUNTY OF NEW YORK  )

       Jennifer Greenaway, being duly sworn, deposes and says: that deponent is not a party to the action, is over 18 years of age and resides in the State of New York, Kings County.

       That on the 23rd day of October, 2007, deponent served the within **VERIFIED ANSWER TO VERIFIED COMPLAINT** upon:

> RATTNER & WAIDE
> *Attorneys for Plaintiff*
> 26 Broadway
> 21st Floor
> New York  New York  10004
> (212) 742-9244

at the address designated by said attorneys for the purpose of depositing a true copy of same enclosed in a postpaid, properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

*Jennifer Greenaway*
Jennifer Greenaway

Sworn to before me, this
23nd day of October, 2007

_____
      Notary Public

ELAINE CRUZ, NOTARY PUBLIC
STATE OF NEW YORK, #4994553
QUALIFIED IN QUEENS COUNTY
COMMISSION EXPIRES APRIL 6, 20 1

# EXHIBIT E



**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

125 Broad Street, 39th Floor
New York, New York 10004-2400
Tel: 212.422.0202  Fax: 212.422.0925

www.sdma.com

December 18, 2007

Aron Rattner, Esq.
Rattner & Waide
26 Broadway, 21st Floor
New York, New York 10004

Re:    *Nelson Pinero v. Synthes, et al.*
       SDMA File No. 484-20259

Dear Mr. Rattner:

The case has been assigned to the Honorable Gerard E. Lynch, United States District Judge, Southern District of New York, 07 CV 10935. Enclosed herein please find a copy of Judge Lynch's rules, dated September 13, 2006, and Southern District Guidelines for electronic filings.

Additionally, as per our prior telephone conversation, I've not received the affidavits of service for the above matter. Please fax them to me at 212-422-0925. Thank you for your cooperation.

Very truly yours,

Caryn M. Silverman
Sedgwick, Detert, Moran & Arnold LLP

Enclosures

NY/516337v1

New York  ▪  London  ▪  San Francisco  ▪  Zurich  ▪  Los Angeles  ▪  Paris  ▪  Newark  ▪  Orange County  ▪  Chicago  ▪  Dallas

September 13, 2006

## INDIVIDUAL PRACTICES IN CIVIL CASES
## GERARD E. LYNCH, UNITED STATES DISTRICT JUDGE

**Chambers**

Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 910
New York, New York 10007
(212) 805-0427

**Courtroom**

Courtroom 6B
500 Pearl Street
Jose E. Lopez
Courtroom Deputy Clerk
(212) 805-0435

**Unless otherwise ordered by Judge Lynch, matters before Judge Lynch shall be conducted in accordance with the following practices:**

### 1. Communications with Chambers

**A. Letters.** Except as otherwise provided below, communications with chambers shall be by letter, with copies simultaneously delivered to all counsel. Copies of correspondence between counsel shall not be sent to the Court. Refer to Rule 2.F below for letters concerning discovery disputes.

**B. Telephone Calls.** Except as provided in Paragraph 1(D) below, telephone calls to chambers are permitted only in emergency situations requiring immediate attention. In such situations only, call chambers at 212-805-0427. Absent extraordinary justification, ex parte telephone calls will not be accepted; counsel for all affected parties should be on the line when a call to chambers is placed, except that similarly situated parties may designate a lead counsel to represent them on such a call.

**C. Faxes.** Faxes to chambers are not permitted without prior permission of the Court.

**D. Docketing, Scheduling, and Calendar Matters.** For docketing, scheduling and calendar matters, call Jose E. Lopez at 212-805-0435 between 9:00 A.M. and 5:00 P.M..

**E. Requests for Adjournments or Extensions of Time.** All requests for adjournments or extensions of time must state (1) the original date, (2) the number of previous requests for adjournment or extension, (3) whether these previous requests were granted or denied, and (4) whether the adversary consents, and, if not, the reasons given by the adversary for refusing to consent. If the requested adjournment or extension affects any other scheduled dates, a proposed Revised Scheduling Order (reflecting only business days) must be attached. If the request is for an adjournment of a court appearance, absent an emergency it shall be made at least 48 hours prior to the scheduled appearance.

## 2. Motions

**A. Pre-Motion Conferences in Civil Cases.** For discovery motions, follow Local Civil Rule 37.2; to raise a discovery dispute with the Court, follow Rule 2.F. below. For motions other than discovery motions, pre-motion conferences are not required.

**B. Filing of Motion Papers.** Motion papers shall be filed promptly after service.

**C. Courtesy Copies.** Two courtesy copies of all motion papers, marked as such, should be submitted for chambers, by the movant, at the time the reply is served. Courtesy copies should not be submitted to chambers at the time of filing.

**D. Memoranda of Law.** Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages, and reply memoranda are limited to 10 pages. Memoranda of 10 pages or more shall contain a table of contents.

**E. Oral Argument on Motions.** Parties may request oral argument by letter at the time their moving or opposing or reply papers are filed. Whether or not requested, the court will determine whether argument will be heard and, if so, will advise counsel of the argument date.

**F. Discovery Disputes.** Unless otherwise directed, counsel should describe their discovery disputes in a single letter, jointly composed. Separate and successive letters will be returned, unread. Strict adherence to Fed. R. Civ. P. 37(a)(2)(A), the "meet and confer" rule, is required, and should be described in the joint submission as to time, place, and duration, naming the counsel involved in the discussion. The joint letter shall describe concisely the issues in dispute and the respective position of each party, citing the applicable authority that the respective parties claim for support.

## 3. Pretrial Procedures

**A. Joint Pretrial Orders in Civil Cases.** Unless otherwise ordered by the Court, within 30 days from the date for the completion of discovery in a civil case or, if a dispositive motion has been filed, within 30 days of its decision, the parties shall submit to the court for its approval a joint pretrial order, which shall include the following:

    i. The full caption of the action.

    ii. The names, addresses (including firm names), and telephone and fax numbers of trial counsel.

    iii. A brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount.

    iv. A brief summary by each party of the claims and defenses that party has asserted which remain to be tried, without recital of evidentiary matter but including citations to all statutes relied on. Such summaries shall identify all claims and defenses previously asserted which are not to be tried.

2

v. A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.

vi. A statement as to whether or not all parties have consented to trial of the case by a magistrate judge (without identifying which parties have or have not so consented).

vii. Any stipulations or agreed statements of fact or law which have been agreed to by all parties.

viii. A statement by each party as to the witnesses whose testimony is to be offered in its case in chief, indicating whether such witnesses will testify in person or by deposition.

ix. A designation by each party of deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party.

x. A list by each party of exhibits to be offered in its case in chief, with one star indicating exhibits to which no party objects on grounds of authenticity, and two stars indicating exhibits to which no party objects on any ground.

**B. Filings Prior to Trial in Civil Cases.** Unless otherwise ordered by the Court, each party shall file, with the proposed joint pretrial order:

i. In jury cases, requests to charge and proposed voir dire questions. When feasible, proposed jury charges should also be submitted on a 3.5" diskette in WordPerfect version 5.1 or higher format;

ii. In non-jury cases, proposed findings of fact and conclusions of law. Proposed findings of fact should be detailed.

iii. In all cases, motions addressing any evidentiary or other issues which should be resolved in limine; and

iv. In any case where such party believes it would be useful, a pretrial memorandum.

**C. Additional submissions in Non-Jury Cases.** At the time the joint pretrial order is filed, each party shall serve, but not file, the following:

i. Affidavits constituting the direct testimony of each trial witness, except for testimony of an adverse party, a person whose attendance must be compelled by subpoena, or a person for whom a party has requested and the court has agreed to hear direct testimony during the trial. Three business days after submission of such affidavits, counsel for each party shall submit a list of all affiants whom he or she intends to cross-examine at the trial. Only those witnesses who will be cross-examined need appear at trial. The original affidavit shall be marked as an exhibit at trial.

ii. All deposition excerpts which will be offered as substantive evidence, as well as a one page synopsis (with page references) of those excerpts for each deposition.

iii. All documentary evidence.

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
                                        :    CONSENT TO PROCEED BEFORE
                        Plaintiff(s),   :    UNITED STATES MAGISTRATE JUDGE
                                        :
        - against -                     :    _____ Civ. _____ (    ) (    )
                                        :
                                        :
                        Defendant(s).   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

IT IS HEREBY STIPULATED by the undersigned:

    1. All parties consent, pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, that a United States Magistrate Judge conduct all further proceedings in this action, including any trial and entry of final judgment.

    2. Any appeal from a judgment entered in this case will lie to the Court of Appeals for the Second Circuit as from any other judgment of the district court pursuant to 28 U.S.C. § 636(c)(3) and Fed. R. Civ. P. 73(c).

_____    _____
Attorney(s) for Plaintiff(s)    Attorney(s) for Defendant(s)
Address    Address
Telephone    Telephone


_____    _____
Attorney(s) for _____    Attorney(s) for _____
Address    Address
Telephone    Telephone

(Separately executed forms may be submitted. See Fed. R. Civ. P. 73(b).)

SO ORDERED.

_____
                       U.S.D.J.

Magistrate Judge _____ was assigned this case on _____.


_____
For: Clerk U.S.D.C. S.D.N.Y.

IH-30

A copy of this Notice must be served by the plaintiff with the complaint on all adversary parties, and attached to any third-party complaint served by a defendant.

## RIGHT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D.N.Y. Local Civil Rule 73.1, the United States Magistrate Judges of the Southern District of New York have jurisdiction, with the consent of all parties, to conduct any or all proceedings in a civil case, including jury or non-jury trials, and order the entry of judgment. Trial before a Magistrate Judge proceeds in the same manner as trial before a District Judge.

The Magistrate Judge previously designated for the case will conduct the consent proceedings. If no Magistrate Judge has been designated, one will be drawn by lot to preside.

In accordance with 28 U.S.C. § 636(c)(3) and Fed. R. Civ. P. 73(c), appeal in a consent proceeding lies to the United States Court of Appeals for the Second Circuit as it would from any judgment of the district court.

The decision to consent, or not to consent, to proceed before a Magistrate Judge under § 636(c) is entirely voluntary. Only if all parties to the case consent to the reference will either the District Judge or Magistrate Judge be informed of the decision. Fed. R. Civ. P. 73(b).

If the parties in this action consent to proceed before a Magistrate Judge, the attached consent form should be signed by counsel for all parties and submitted to the Judgment and Orders Clerk in Room 120 of the Courthouse at 500 Pearl Street or Room 167 of the White Plains Courthouse. Separately executed forms may be submitted. See Fed.R. Civ. P. 73(b).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# CRITICAL INSTRUCTIONS TO ATTORNEYS:

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## \*\*\*\*  Please Read Immediately \*\*\*\*

You must read and comply with all of the instructions on the attached sheet. Your case **CANNOT** be opened until you have correctly followed ALL of the required steps.

J. MICHAEL McMAHON

CLERK OF COURT

WWW.NYSD.USCOURTS.GOV

June 7, 2004

# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK
500 PEARL STREET, NEW YORK, NY 10007
300 QUARROPAS STREET, WHITE PLAINS, NY 10601

# 3rd Amended Instructions for Filing an Electronic Case or Appeal

*Important* - your new case is an electronically filed case (ECF case) and you will be <u>required</u> to file documents electronically instead of on paper (with certain exceptions listed below). If you don't have your ECF password yet, you should <u>register now</u> (no fee required) on the CM/ECF page of the Court's website at www.nysd.uscourts.gov Please follow the instructions below.

ECF Judges:

| | | | | | | |
|---|---|---|---|---|---|---|
| Baer *** | Castel ** | Griesa ** | Knapp *** | McMahon * | Preska * | Stein * |
| Batts * | Cedarbaum*** | Haight ** | Koeltl * | Motley *** | Rakoff ** | Swain ** |
| Berman ** | Chin ** | Hellerstein ** | Kram *** | Mukasey * | Robinson * | Sweet * |
| Brieant * | Conner * | Holwell ** | Leisure ** | Owen *** | Sand *** | Wood ** |
| Buchwald ** | Cote ** | Jones ** | Lynch ** | Patterson *** | Scheindlin ** | Magistrate- |
| Carter *** | Daniels ** | Kaplan ** | Marrero ** | Pauley ** | Sprizzo *** | Judges * |
| Casey * | Duffy *** | Keenan ** | McKenna *** | Pollack ** | Stanton *** | |

\*     ECF Wave 1 Judge, assigning new cases filed on or after December 2, 2003 to the ECF system.
\*\*    ECF Wave 2 Judge, assigning new cases filed on or after March 1, 2004 to the ECF system.
\*\*\*   ECF Wave 3 Judge, assigning new cases filed on or after June 7, 2004 to the ECF system.

Important note on non-ECF cases: Older cases filed prior to the above dates, as well as Pro Se cases, Habeas Corpus cases, Social Security cases, and Multi-District Litigation <u>will not be electronically filed</u> and should be filed on paper.  Do not file documents electronically in cases that are not assigned to the ECF system.

## Instructions

(1)     Electronic cases are opened and service of the initiating documents (complaint, notice of removal, etc.) is accomplished in the traditional manner, on paper.

(2)     *Important* - In addition to serving the initiating documents in the traditional manner, on paper,  you are also required to deliver paper copies of the following documents to all other parties (copies available at the courthouse, & on our website):

   (a) The assigned Judge's Individual Rules
   (b) USDC/SDNY Instructions for Filing an Electronic Case or Appeal (this document)
   (c) USDC/SDNY Procedures for Electronic Case Filing
   (d) USDC/SDNY Guidelines for Electronic Case Filing.

(3)     <u>Within 24 hours of the assignment of a case number</u>, you are required to <u>email</u> to the Clerk of Court the initiating documents <u>in Adobe Acrobat pdf format only</u>.  Failure to do so within 24 hours will delay adding your case to the computerized ECF docket.  Include a F.R.C.P. Rule 7.1 Statement (if applicable) and any exhibits.  The case number, the Judge's initials, and "ECF CASE" must appear in the document's case caption.  Each document must be in a separate pdf file <u>no larger than 2.5 megabytes</u> (separate large computer files into smaller parts if necessary, and label accordingly). When sending email, the subject line of the email & the file name of the pdf should list only the case number followed by a document description (ex. "Re: 01cv1234-complaint").  Send the email (do not file on the ECF system) to:

   (a) For new civil cases assigned to a Manhattan Judge, email a pdf copy of the documents to

   case_openings@nysd.uscourts.gov

   (b) For new civil cases assigned to a White Plains Judge, email a pdf copy of the documents to

   wpclerk@nysd.uscourts.gov

(4)    File the Affidavit of Service for the initiating document (complaint, notice of removal, etc.) in the following manner:

      (a) electronically file the Affidavit of Service for the initiating document on the ECF system (do not send by email),
      (b) file the original Affidavit of Service with summons attached in the traditional manner, on paper with the Clerk.

(5)    All subsequent documents, including the Defendant's Answer, <u>must be filed electronically</u> on the ECF system at **ecf.nysd.uscourts.gov**. Electronic filing involves using your ECF password to docket the item directly into the ECF system. <u>Electronic filing is not the same as email to the Clerk.</u> Read the Judge's Individual Rules to determine if courtesy copies (on paper) are required.

(6)    Appeals will be assigned to the ECF system only if the original case was also electronically filed. File the appeal in the traditional manner, on paper. Then within 24 hours of filing the paper copy of your Appeal at the courthouse, you are required to email to the Clerk of Court an electronic copy of the Appeal in pdf format. Include any exhibits. Each document must be in a separate pdf file no larger than 2.5 megabytes. The District Court case number, the Judge's initials, and "ECF CASE" must appear in the document's case caption.

      When sending email, the subject line of the email should always list the case number followed by a document description (ex. "Re: 01cv1234-appeal"). Send the email (do not file on the ECF system) to:

      (a) For appeals from an ECF case assigned to a Manhattan Judge, email a pdf copy of the appeal to

                **appeals@nysd.uscourts.gov**

      (b) For appeals from an ECF case assigned to a White Plains Judge, email a pdf copy of the appeal to

                **wpclerk@nysd.uscourts.gov**

(7)    Follow all the rules for Electronic Case Filing (available at www.nysd.uscourts.gov):

      (a) SDNY Procedures for Electronic Case Filing      (d) Local Rules of this Court, and
      (b) SDNY Guidelines for Electronic Case Filing      (e) Federal Rules of Civil Procedure
      (c) Individual Rules of the Assigned Judge

### ✓ Learn More About Electronic Case Filing at www.nysd.uscourts.gov

✓   Click on the "CM-ECF" page for the official ECF filing rules, training information, computer requirements, and more.

✓   Attorneys should use the "Attorney Registration" page to register on-line for a SDNY ECF password (no fee). Your ECF password will be sent to you by email. You must have an ECF password from SDNY District Court to file documents electronically.

✓   Sign up now for a SDNY PACER account if you don't already have one. Call (800) 676-6856, or go to http://pacer.psc.uscourts.gov

✓   Electronically file documents in ECF cases over the Internet at ecf.nysd.uscourts.gov

✓   Don't have a computer or scanner? Bring your ECF password and the paper documents to the courthouse, and you can use our public computers to electronically file your documents. Call the ECF Help Desk for more information.

✓   The **ECF Help Desk** is available to answer your ECF questions from 8:30 AM to 7:30 PM at (212) 805-0800, and from 8:30 AM to 5:00 PM at (914) 390-4204, and by email at help_desk@nysd.uscourts.gov

### WWW.NYSD.USCOURTS.GOV



J. MICHAEL McMAHON
WWW.NYSD.USCOURTS.GOV

CLERK OF COURT

# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK
500 PEARL STREET, NEW YORK, NY 10007

December 1, 2003

# Guidelines for Electronic Case Filing

The following guidelines apply to all electronically filed cases and have been written by the Clerk of Court under the authority of this Court's Procedures for Electronic Case Filing.

**Q. What is the web address for the SDNY ECF system?**

The new ECF system will be on the Internet at **https://ecf.nysd.uscourts.gov**

**Q. Should I use Netscape Navigator or Internet Explorer to use ECF?**

Only Netscape Navigator 4.6, 4.7, or Internet Explorer 5.5 have been certified for use with the ECF program. Other browsers have not been certified, and while they may work part of the time, they may also cause errors in the middle of filing.

**Q. Is there a limit to the size of a document that can be filed on ECF?**

Yes, 2.5 megabytes (approximately 50 pages). If your file is too large, the system will reject it. The solution is to separate an oversized file into 2 or more parts and docket it in a single event. Simply label each file 1, 2, 3, etc. In all cases assigned to the ECF system, no single document totaling more than 15 megabytes (even if separated into individual computer files) shall be electronically filed without prior permission of the Court.

**Q. Can I file documents that originate on paper and are then scanned to create a pdf file?**

Yes, but.....the ECF system will not accept any single document that is larger than 2.5 megabytes, or approximately 50 pages. Wherever possible, you should create pdf files directly from a word processing program. When you create a pdf file from a scanned paper document, the file size is significantly larger. This may prevent you from filing it as a single document on the ECF system and will also take up unnecessary computer memory on your own computer system. Besides, it's easier to create a pdf directly from a word processor.

**Q. Who can file documents on ECF?**

Only an attorney admitted to practice in SDNY, and registered to use the ECF system, or an "authorized agent" of the filing user, is permitted to file (ECF Procedures, 8b). A filing will be deemed to be the sole responsibility of the filing user whose log-in and password were used to file the document. Be careful whom you allow to use your ECF log-in and password. Attorneys can register on-line to use ECF at www.nysd.uscourts.gov

**Q. Can an attorney admitted Pro Hac Vice file documents electronically?**

Yes. Immediately after a motion to be admitted pro hac vice is granted, the attorney is required to register to be an ECF Filing User at www.nysd.uscourts.gov

1

**Q. Will I need a password to use ECF?**

Yes, 2 passwords - one for the ECF system and one for PACER. To obtain an ECF password you must first register to be an ECF Filing User at www.nysd.uscourts.gov To obtain a PACER password go to http://ecf.nysd.uscourts.gov If you already use dial up PACER service, then you don't need to change anything - your log-in and password will remain the same.

When a document is electronically filed, all ECF registered attorneys of record in that case will receive an email titled NOTICE OF ELECTRONIC FILING and a hypertext link to the document. That is your "one free look" at the document. If you need a second look or want to view other cases where you are not the attorney of record, you will be required to enter your PACER log-in and password.

**Q. Can I view both civil and criminal dockets over the Internet?**

Civil dockets are available remotely over the Internet to anyone with a PACER account. Criminal dockets are available remotely over the Internet only to the attorney of record. As always, all civil and criminal dockets may be viewed on public access computers at the courthouse.

**Q. How can I sign up other attorneys in my firm to receive electronic notices in my case?**

By adding them as an additional attorney of record. Every attorney of record will receive email notification of filings in his or her case. The ECF system will allow up to two attorneys of record to be entered in each case. Of course, each attorney must be a registered ECF filing user.

**Q. Must the caption of the document indicate it has been electronically filed?**

Yes. (SDNY ECF Procedures, 8a).

**Q. How will I know if I have successfully filed a document electronically?**

The filer will immediately receive a Notice of Electronic Filing, which should be saved and/or printed; it's your receipt. You will also see a list of who will be served electronically and who will not. It is the responsibility of the filing party to serve paper copies on any party that will not receive electronic notice.

**Q. What if I file the wrong document, or file in the wrong case?**

In all cases assigned to the ECF system, if a document is electronically filed in error, the filer shall immediately notify the Clerk of Court in writing, and the Clerk shall seek further guidance from the Court.

**Q. How do I sign an electronically filed document?**

The filing user's ECF log-in and password serve as his/her electronic signature. (ECF Procedures #8). The filing user should place an S/ in place of the signature. Signatures for all other persons must be scanned in order to capture the actual ink signature.

**Q. Will older cases be assigned to the ECF system?**

No. Only those cases filed after the ECF system goes live are subject to electronic filing. Cases filed before the ECF system goes live will not be converted to ECF cases. You will be able to view the docket sheets in older cases on-line, but not the documents.

**Q. Which cases will be ECF cases?**

Civil and criminal cases filed after December 1, 2003, will be subject to electronic filing. Social Security cases, Habeas Corpus cases and Pro Se cases will not be assigned to the ECF system.

**Q. Which Judges will entertain ECF cases?**

Eventually all the courts Judges and Magistrate-Judges will be able to entertain ECF cases. Groups of judges will be added to the ECF system over a 12 month period. The first group will include Judges Batts, Brieant, Conner, Kaplan, Koeltl, McMahon, Mukasey, Preska, Robinson, Stein, Sweet, and all the Court's Magistrate Judges. Parties are directed to refer to each judge's individual rules (available on the court's website) to learn whether a particular case will be assigned to the ECF system.

**Q. How do I view a document in an ECF case?**

Use an approved Internet web browser (see above) and go to **https://ecf.nysd.uscourts.gov** Click on Query, enter the case number, find the document, and click on the blue hyperlink next to that entry. An electronic copy of the complete document will then appear on your computer screen. If there is no blue hyperlink, then there is no electronic version of that document.

**Q. Does filing electronically affect the filing deadline?**

No. Filing electronically does not change your obligation to comply with the Federal Rules and any applicable Local Rules. Filing must be <u>completed</u> before midnight local time in order to be considered timely filed that day (ECF Procedures 3c)(See also Judges Individual Rules).

**Q. How do I open an ECF case?**

To open a civil action, you must file the complaint on paper at the courthouse, pay any applicable fee, and serve the documents in the traditional manner, on paper. (See SDNY ECF Procedures 1d). Then you must <u>email</u> (not electronically file) a pdf copy of all filed documents to the Clerk of Court within 24 hours. All documents must be marked with the case number and assigned Judge's name. Email a copy of all filed documents in pdf format to:

For cases assigned to a Manhattan Judge: **case_openings@nysd.uscourts.gov**

For cases assigned to a White Plains Judge: **wpclerk@nysd.uscourts.gov**

Failure to email the pdf copy of the complaint to the Clerk within 24 hours may result in a delay in adding the case to the Court's electronic docket.

**Q. Must I serve a copy of the assigned Judge's Individual Rules with the complaint?**

Yes. Copies of Judges' Individual Rules are available at the Clerk's Office and also on the Court's public website at **www.nysd.uscourts.gov**

**Q. Must I file a paper Summons and Affidavit of Service for the Complaint?**

Yes. For ECF cases, the Affidavit of Service with the original summons attached must be filed with the court in the traditional manner, on paper (ECF Procedures, 1d).

**Q. Must I file a paper Affidavit of Service for other documents in the case?**

No. For all other electronically filed documents after the complaint, the Clerk will automatically transmit by email a Notice of Electronic Filing to each attorney of record that has registered to be an ECF Filing user. Transmission of that Notice of Electronic filing shall constitute service (ECF Procedures, 9).

**Q. How do I serve my adversary who has not registered to be an ECF Filing User?**

Upon completion of filing electronically, the filer will receive a receipt which should be printed and saved. The receipt will include a list of who will be served electronically and who will not. The ECF system does not relieve filers from their obligations under the Federal Rules of Civil and Criminal Procedure to serve paper copies on any party that will not receive electronic notice.

**Q. When filing a motion, should the supporting affidavit be attached or filed separately?**

Electronically filed motions should be filed in the traditional manner. Supporting affidavits and exhibits that would normally be filed attached to the motion should also be filed attached to an electronic motion. Other affidavits and memoranda of law that would normally be filed separately from the motion should be filed separately from an electronic motion. Exhibits attached to a motion must comply with the Court's Procedures for Electronic Case Filing, section 5. Excerpted material must be clearly marked as such.

**Q. How should I submit exhibits not attached to a motion?**

The Court's Procedures for Electronic Case Filing, section 5, requires that attachments and exhibits must be submitted in electronic form, unless the Court permits paper filing. Only relevant excerpts of exhibits, labeled as such, should be submitted. Remember, there are limits to the size of a computer file that may be submitted (see page 1). A party may move for permission to serve and file in hard copy documents that cannot reasonably be scanned.

**Q. How do I file a proposed order, judgment or stipulation?**

Proposed orders, judgments and stipulations should not be submitted through the ECF system. Instead they should be sent by email to the Clerk. Proposed orders should be submitted in word processing format (WordPerfect or Word) rather than as a pdf document. Stipulations should be submitted in pdf format. Stipulations must contain all required signatures (the last person to sign can email it to the clerk). Email the proposed order, judgment or stipulation to:

For cases assigned to a Manhattan Judge: **orders_and_judgments@nysd.uscourts.gov**

For cases assigned to a White Plains Judge: **wpclerk@nysd.uscourts.gov**

**Q. How do I file an Order to Show Cause?**

In all cases assigned to the ECF system, Orders to Show Cause seeking a stay shall be submitted in the traditional manner, in person before the Court.

Orders to Show Cause that do not seek a stay, shall be submitted by email (not filed on the ECF system) to the Clerk in word processing format (WordPerfect or Word) rather than as a pdf document. Email the proposed Order to Show Cause to:

For cases assigned to a Manhattan Judge: **orders_and_judgments@nysd.uscourts.gov**

For cases assigned to a White Plains Judge: **wpclerk@nysd.uscourts.gov**

**Q. How do I file a default judgment?**

Default judgments should not be submitted through the ECF system. Instead they should be sent by email to the Clerk, in word processing format (WordPerfect or Word) rather than as a pdf document. Email the default judgment documents to:

For cases assigned to a Manhattan Judge: **orders_and_judgments@nysd.uscourts.gov**

For cases assigned to a White Plains Judge: **wpclerk@nysd.uscourts.gov**

**Q. How do I submit a letter?**

In the traditional manner on paper. Do not submit letters through the ECF system. (See also each Judge's Individual Rules).

**Q. Will sealed documents be filed electronically?**

No. Sealed documents will filed in the traditional manner, in paper form.

**Q. How do I file a Notice of Appeal?**

To file a Notice of Appeal you must file the Notice on paper at the courthouse, including a copy of the document being appealed, and pay any applicable fee. (See SDNY ECF Procedures, 1d). Then you must email (not electronically file) a pdf copy of all filed documents to the Clerk of Court within 24 hours. All documents must be marked with the District Court case number and assigned Judge's name. Email a copy of all filed documents in pdf format to:

> For cases assigned to a Manhattan Judge: appeals@nysd.uscourts.gov

> For cases assigned to a White Plains Judge: wpclerk@nysd.uscourts.gov

Failure to email the pdf copy of the Notice of Appeal to the Clerk within 24 hours may result in a delay in adding the appeal to the Court's electronic docket.

**Q. Which is the "original" document, the paper or the ECF version?**

When a document has been filed electronically, the official record is the electronic recording of the document as stored by the Court, and the filing party is bound by the document as filed (ECF Procedures 3b).

**Q. Must I keep paper originals of documents I electronically file?**

Yes. See the official SDNY PROCEDURES FOR ELECTRONIC FILING, section 7 for details.

**Q. Should I continue to submit courtesy copies?**

Yes, continue your current practice. If you would submit a courtesy copy of the document in a non-ECF case, you should now submit a courtesy copy of it in an ECF case. (See also each Judge's Individual Rules).

**Q. When an attorney leaves a firm, how do we change the attorney's ECF Registration information?**

Send written notice to the Attorney Admissions Clerk, 500 Pearl Street, NY, NY 10007.

**Q. Will there be an ECF Help Desk?**

Yes. An ECF telephone Help Desk will be available from 8:30 AM to 7:30 PM Monday through Friday at (212) 805-0800, and from 8:30 AM to 5:00 PM at (914)390-4204. Or you can email your ECF questions to help_desk@nysd.uscourts.gov

**Q. How can I stay up to date with future ECF news and developments?**

By registering to be a Point of Contact (POC) at www.nysd.uscourts.gov, you will receive periodic email messages concerning the ECF system. You don't need to be an attorney to be a POC

**Q. How can I learn how to use ECF?**

On the Court's website you will find "ECF 101", an on-line introduction to ECF, as well as detailed training materials for beginners and advanced users.  Go to <u>www.nysd.uscourts.gov</u>

United States District Court
Southern District of New York

# Procedures for Electronic Case Filing

March 6, 2003

# Procedures for Electronic Case Filing

**Procedures for Electronic Case Filing**

   The Court will accept for filing documents submitted, signed or verified by electronic means that comply with the following procedures.

## 1. Scope of Electronic Filing

   (a)  The Court will designate which cases will be assigned to the Electronic Filing System. Except as expressly provided and in exceptional circumstances preventing a Filing User from filing electronically, all petitions, motions, memoranda of law, or other pleadings and documents required to be filed with the Court in a case assigned to the Electronic Filing System must be filed electronically. A paper may be filed electronically (i) from a remote location, (ii) by bringing it to the Clerk's office during regular business hours,  in a form or electronic format prescribed by the Clerk, for input into the System, or (iii) where permitted by the Court, by bringing the paper to the Clerk's office during regular business hours to be scanned into the System.

   (b)  Unless limited by their terms to civil cases, the provisions of these procedures relating to electronic filing apply in criminal cases that are initiated by the filing of an indictment or information. Electronic filing procedures shall not apply to applications for arrest, search or electronic surveillance warrants; for other orders in aid of or ancillary to a criminal investigation; or to proceedings relating to the grand jury.

   (c)  Electronic filing procedures shall not apply to Social Security Cases.

   (d)  The filing and service of the initial papers in a civil case, including the complaint, the issuance of the summons and the proof of service of the summons and complaint, as well as service of non-party subpoenas, will be accomplished in the traditional manner on paper in accordance with the Federal Rules of Civil Procedure and applicable Local Rules governing service, rather than electronically. In a criminal case, the indictment or information, including any superseders, shall also be filed and given to the defendant in the traditional manner on paper in accordance with the Federal Rules of Criminal Procedure and applicable Local Rules rather than electronically;  in addition, service of subpoenas shall be made in the traditional manner on paper in accordance with the Federal Rules of Criminal Procedure and applicable Local Rules. In a case assigned to the Electronic Filing System after it has been opened, parties must promptly provide the Clerk with electronic copies of all  documents previously  provided  in  paper form. All  subsequent documents must be filed electronically except as provided in these procedures or as ordered by the Court.

## 2. Eligibility, Registration, Passwords

   (a)  Attorneys admitted to the bar of this Court, including those admitted pro hac vice and attorneys authorized to represent the United States, may register and may be required to register as Filing Users of the Court's Electronic Filing System. Unless excused by the Court, attorneys not already Filing Users appearing in cases assigned to the Electronic Filing System must register as Filing Users forthwith upon the case being so designated. Registration is in a form prescribed by the Clerk and requires the Filing User's name, address, telephone number, Internet e-mail address, and

a declaration that the attorney is admitted to the bar of this Court or authorized to represent the United States.

(b) If the Court permits or requires, a party to a pending civil action who is not represented by an attorney may register as a Filing User in the Electronic Filing System solely for purposes of the action. Registration is in a form prescribed by the Clerk and requires identification of the action as well as the name, address, telephone number and Internet e-mail address of the party. If, during the course of the proceeding, the party retains an attorney who appears on the party's behalf, the attorney must advise the Clerk to terminate the party's registration as a Filing User upon the attorney's appearance.

(c) Once registration is completed, the Filing User will receive notification of the user log-in and password. Filing Users agree to protect the security of their passwords and immediately notify the Clerk if they learn that their password has been compromised. Users may be subject to sanctions for failure to comply with this provision.

(d) In a civil action, the Clerk will enter, as Filing Users to whom Notices of Electronic Filing will be transmitted, (i) each attorney identified on the Civil Cover Sheet, as well as (ii) each additional attorney who subsequently appears in the action and files a Request for Electronic Notification (which may be filed electronically). In a criminal case, the Clerk will enter, as Filing Users to whom Notices of Electronic Filing will be transmitted and who will be granted access to electronically file and retrieve documents in the case, the attorney(s) for the United States identified on the Criminal Designation Form or subsequently identified as representing the United States in the case and each attorney filing a Notice of Appearance on behalf of a defendant. Notices of Appearance on behalf of a criminal defendant will be filed in the traditional manner on paper.

(e) An attorney of record may, by written or electronic request to the Clerk, have transmission of Notices of Electronic Filing to another attorney in his or her firm terminated.

## 3. Consequences of Electronic Filing

(a) Except as otherwise provided in Procedure 4 herein, electronic filing of a document in the Electronic Filing System consistent with these procedures, together with the transmission of a Notice of Electronic Filing from the Court, constitutes filing of the document for all purposes of the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure, and the Local Rules of this Court and constitutes entry of the document on the docket kept by the Clerk under Fed.R.Civ.P. 58 and 79 and Fed.R.Crim.P. 49 and 55.

(b) When a document has been filed electronically, the official record is the electronic recording of the document as stored by the Court (subject to the exception set out in Procedure 4 below), and the filing party is bound by the document as filed. Except in the case of documents first filed in paper form and subsequently submitted electronically under Procedure 1, a document filed electronically is deemed filed at the date and time stated on the Notice of Electronic Filing from the Court.

(c) Filing a document electronically does not alter the filing deadline for that document. Filing must be completed before midnight local time where the Court is located in order to be considered timely filed that day.

(d) Individual judges' practices should continue to be followed with respect to delivery of courtesy copies.

## 4. Entry of Court Orders

(a) All orders, decrees, judgments, and proceedings of the Court will be filed in accordance with these procedures and entered on the docket kept by the Clerk under Fed.R.Civ.P. 58 and 79 and Fed.R.Crim.P. 49 and 55. Each document signed by a judge shall be scanned so as to contain an image of the judge's signature and shall be filed electronically by the Court, and the manually signed original shall be filed by the Clerk of the Court. In the event of a discrepancy between the electronically filed copy and the manually signed original, the manually signed original shall control.

(b) A Filing User submitting a document electronically that requires a judge's signature must promptly deliver the document in such other form as the Court requires, if any.

## 5. Attachments and Exhibits

Filing Users must submit in electronic form all documents referenced as exhibits or attachments, unless the Court permits paper filing. A Filing User must submit as exhibits or attachments only those excerpts of the referenced documents that are relevant to the matter under consideration by the Court. Excerpted material must be clearly and prominently identified as such. Filing Users who file excerpts of documents as exhibits or attachments under this procedure do so without prejudice to their right to file timely additional excerpts or the complete document. Responding parties may file timely additional excerpts that they believe are relevant or the complete document. A party may move for permission to serve and file in hard copy documents that cannot reasonably be scanned. In cases where the record of an administrative or other prior proceeding must be filed with the Court, such record may be served and filed in hard copy without prior motion and order of the Court.

## 6. Sealed Documents

Documents ordered to be placed under seal may not be filed electronically unless specifically authorized by the Court. A motion to file documents under seal should be filed electronically unless prohibited by law; however, a motion to file under seal that includes a statement of why the filing should not be made electronically may be made in paper copy. The order of the Court authorizing the filing of documents under seal may be filed electronically unless prohibited by law. A paper copy of the order must be attached to the documents under seal and be delivered to the Clerk.

## 7. Retention Requirements

Documents that are electronically filed and require original signatures other than that of the Filing User must be maintained in paper form by the Filing User until one year after all time periods for appeals expire, except that affidavits, declarations and proofs of service must be maintained in

paper form by the Filing User until five years after all time periods for appeals expire. On request of the Court, the Filing User must provide original documents for review.

## 8. Signatures

(a) The user log-in and password required to submit documents to the Electronic Filing System serve as the Filing User's signature on all electronic documents filed with the Court. They also serve as a signature for purposes of the Federal Rules of Civil Procedure, including Rule 11, the Federal Rules of Criminal Procedure, the Local Rules of this Court, and any other purpose for which a signature is required in connection with proceedings before the Court. Each document filed electronically must indicate that it has been electronically filed. Electronically filed documents must include a signature block and must set forth the name, address, telephone number and (except in criminal cases) the attorney number, all in compliance with Local Civil Rule 11.1. In addition, the name of the Filing User under whose log-in and password the document is submitted must be preceded by an "s/" typed in the space where the signature would otherwise appear.

(b) No Filing User or other person may knowingly permit or cause to permit a Filing User's password to be used by anyone other than an authorized agent of the Filing User.

(c) A document requiring the signature of a defendant in a criminal case may be electronically filed only in a scanned format that contains an image of the defendant's signature.

(d) Documents requiring signatures of more than one party must be electronically filed either by: (1) submitting a scanned document containing all necessary signatures; (2) representing the consent of the other parties on the document; (3) identifying on the document the parties whose signatures are required and by the submission of a notice of endorsement by the other parties no later than three business days after filing; or (4) in any other manner approved by the Court.

## 9. Service of Documents by Electronic Means

Transmission of the Clerk's Notice of Electronic Filing of a document shall constitute service of such document upon any Filing User in that case. It remains the duty of the attorney for a party to review regularly the docket sheet of the case. Attorneys and pro se parties who are not Filing Users shall be served with a paper copy of any electronically filed pleading or other document. Service of such paper copy must be made according to the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure and the Local Rules.

## 10. Notice of Court Orders and Judgments

Immediately upon the entry of an order or judgment in a proceeding assigned to the Electronic Filing System, the Clerk will transmit to Filing Users in the case, in electronic form, a Notice of Electronic Filing. Electronic transmission of the Notice of Electronic Filing constitutes the notice required by Fed.R.Crim.P. 49(c) and Fed.R.Civ.P. 77(d). **It remains the duty of the attorney for a party to review regularly the docket sheet of the case.** The Clerk must give notice in paper form to a person who is not a Filing User in accordance with the Federal Rules of Civil Procedure or the Federal Rules of Criminal Procedure.

# EXHIBIT F

Caryn Michele Silverman
Sedgwick, Detert, Moran & Arnold, LLP
125 Broad Street, 39th Floor
New York, NY 10004
212-898-4049
Fax: 212-422-0925

United States District Court
Southern District of New York

_____

Nelson Pinero,

                                 Plaintiff (s)

          -against-


Synthes (U.S.A.) Syth Inc.,


                                 Defendant (s).
_____

**NOTICE OF CONFERENCE**

**07 Civ. 10935 (GEL)**

To Attorney (s) for Plaintiff (s)

  Honorable Gerard E. Lynch has directed that counsel for all parties herein shall attend a
conference at the time place fixed below, for the purpose of Case Management and scheduling
pursuant to Rule 16, F.R.Civ. P.

## *COUNSEL FOR THE DEFENDANT ARE DIRECTED TO NOTIFY ALL PARTIES IN THIS ACTION IN WRITING.

Date and Place of Conference:

**February 1, 2008** At the United States Courthouse, 500 Pearl Street, New York, N.Y. 10007 in
Courtroom #6B at 11:30a.m.

Subjects for consideration at this conference:

1. The Court will request from each attorney, beginning with plaintiff's counsel, a brief oral statement reporting the status of the case, setting forth the factual and legal basis for the claims or defenses and outlining the nature of the dispute (s) to be adjudicated. Subject matter jurisdiction will be considered, as well as any other issue which may be relevant to case management.

2. The Court will establish a Case Management Plan and Schedule, following the plan adopted by the Advisory Group pursuant to the Civil Justice Reform Act. A copy of the Case Management Plan is enclosed. Attorneys in this case are to confer either in person or by telephone, and present, if possible, an agreed upon Case Management Plan which should provide that the case will be ready for trial within six months from the schedule date of the conference. A longer period than six months will be granted by the Court only where the interests of justice require. In the absence of an agreement, the Court will impose its own Case Management Plan and schedule at the conference after hearing counsel.

3. Where there is written consent to trial before the Magistrate Judge, trial will be held on an agreed date certain, and the Magistrate Judge will prepare or amend the Case Management Plan consistently with such date.

**BY ORDER OF THIS COURT:**

Dated: New York, N.Y.
    January 4, 2008

Jose Lopez
**Deputy Clerk**
(212) 805-0435

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                    :
                                    :
                                    :
                                    :
                      Plaintiff(s), :    **CIVIL CASE MANAGEMENT PLAN**
                                    :
                                    :          (Judge Gerard E. Lynch)
          -against-                 :
                                    :
                                    :
                                    :
                                    :
                     Defendant(s). :
------------------------------------------------------x

After consultation with counsel for all parties, the following Case Management Plan is adopted.
This plan is also a scheduling order pursuant to Rules 16 and 26(f) of the Federal Rules of Civil
Procedure.

1.    The case is / is not to be tried by a jury.  Scheduling of pre-trial practice should be
      arranged with a view to having the case ready for trial within approximately six months
      of the initial pre-trial conference.

2.    Joinder of additional parties must be accomplished by  _____.

3.    Amended pleadings may be filed until  _____.

4.    All fact discovery is to be completed by _____.  Interim deadlines set
      below may be extended by the parties on consent without application to the Court,
      provided the parties can still meet the discovery completion date ordered by the Court,
      which shall not be adjourned except upon a showing of extraordinary circumstances.

      A.    First request for production of documents, if any, to be served by _____

      B.    Interrogatories pursuant to Local Rule 33.3(a) of the Civil Rules of the Southern
            District of New York to be served by _____.   No other interrogatories
            are permitted except upon prior express permission of the Court.

      C.    Depositions to be completed by _____.

            i. Unless counsel agree otherwise or the Court so orders, depositions are not to be
            held until all parties have responded to any first requests for production of
            documents.

ii. Depositions shall proceed concurrently.

iii. Whenever possible, unless counsel agree otherwise or the Court so orders, non-party depositions shall follow party depositions.

iv. No depositions shall be extended beyond two business days without prior leave of the Court.

D.    Experts, if any, are to be designated by _____, and experts' reports exchanged no later than _____. Experts may be deposed, but such depositions must occur within the time limit set forth for all depositions set forth above.

E.    Requests to Admit, if any, are to be served no later than _____.

5.    Dispositive motions are to be served and filed by _____.
Answering papers are to be served and filed by _____.
Reply papers are to be served and filed by _____.

All motions and applications shall be governed by the Court's Individual Practice Rules, which are available on the Internet at http://www.nysd.uscourts.gov. Note that under those rules, two courtesy copies of all motion papers are to be provided to chambers by the movant at the time the reply is filed. It is the responsibility of the movant to make sure that copies of all parties' papers are provided at that time.

Any party may request oral argument by letter at the time reply papers are filed. Whether or not requested, the Court will determine whether and when oral argument is to be held.

6.    The joint pretrial order shall be filed no later than 30 days after completion of discovery, or after the final decision of any dispositive motion, whichever is later, unless a different date is set by order of the Court. The requirements for the pre-trial order and other pre-trial submissions shall be governed by the Court's Individual Practice Rules.

7.    Counsel consent to trial by a U.S. Magistrate Judge.

Yes_____        No_____

**NEXT CASE MANAGEMENT CONFERENCE** _____.
*(To be completed by the Court)*

**Dated:**
**New York, New York**        **SO ORDERED:**

_____

_____
**GERARD E. LYNCH**
**United States District Judge**

# EXHIBIT G



**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

125 Broad Street, 39th Floor
New York, New York 10004-2400
Tel: 212.422.0202  Fax: 212.422.0925

www.sdma.com

*Via Certified Mail, Return Receipt Requested*

January 4, 2008

Aron Rattner, Esq.
Rattner & Waide
26 Broadway, 21st Floor
New York, New York 10004

Re:    *Nelson Pinero v. Synthes, et al.*
       SDMA File No. 484-20259

Dear Mr. Rattner:

Enclosed please find correspondence received by the undersigned from U.S.D.C. Judge Gerard E. Lynch confirming that a Case Management Conference has been scheduled for Friday, February 1, 2008, at 11:30 a.m., at the United States Courthouse, 500 Pearl Street, New York, New York 10007, in Courtroom #6B. Please mark your calendar accordingly.

In accordance with Judge Lynch's instructions, please let me know your availability for a conference to discuss an agreed upon Case Management Plan. I look forward to hearing from you.

Very truly yours,

Caryn M. Silverman
Sedgwick, Detert, Moran & Arnold LLP

Enclosure

NY/517342v1

Caryn Michele Silverman
Sedgwick, Detert, Moran & Arnold, LLP
125 Broad Street, 39th Floor
New York, NY 10004
212-898-4049
Fax: 212-422-0925

**United States District Court**
**Southern District of New York**

_____

Nelson Pinero,

                 Plaintiff (s)

     -against-



Synthes (U.S.A.) Syth Inc.,

               Defendant (s).

_____

                **NOTICE OF CONFERENCE**

                **07 Civ. 10935 (GEL)**

To Attorney (s) for Plaintiff (s)

      Honorable Gerard E. Lynch has directed that counsel for all parties herein shall attend a conference at the time place fixed below, for the purpose of Case Management and scheduling pursuant to Rule 16, F.R.Civ. P.

**\*COUNSEL FOR THE DEFENDANT ARE  DIRECTED TO NOTIFY ALL PARTIES  IN THIS ACTION IN WRITING.**

Date and Place of Conference:

**February 1, 2008**  At the United States Courthouse, 500 Pearl Street, New York, N.Y. 10007 in Courtroom #6B at 11:30a.m.

Subjects for consideration at this conference:

1. The Court will request from each attorney, beginning with plaintiff's counsel, a brief oral statement reporting the status of the case, setting forth the factual and legal basis for the claims or defenses and outlining the nature of the dispute (s) to be adjudicated. Subject matter jurisdiction will be considered, as well as any other issue which may be relevant to case management.

2. The Court will establish a Case Management Plan and Schedule, following the plan adopted by the Advisory Group pursuant to the Civil Justice Reform Act. A copy of the Case Management Plan is enclosed. Attorneys in this case are to confer either in person or by telephone, and present, if possible, an agreed upon Case Management Plan which should provide that the case will be ready for trial within six months from the schedule date of the conference. A longer period than six months will be granted by the Court only where the interests of justice require. In the absence of an agreement, the Court will impose its own Case Management Plan and schedule at the conference after hearing counsel.

3. Where there is written consent to trial before the Magistrate Judge, trial will be held on an agreed date certain, and the Magistrate Judge will prepare or amend the Case Management Plan consistently with such date.

**BY ORDER OF THIS COURT:**

Dated: New York, N.Y.
      January 4, 2008

                                      Jose Lopez
                                      **Deputy Clerk**
                                      (212) 805-0435

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
                                                    :
                                                    :
                                                    :
                                                    :          **CIVIL CASE MANAGEMENT PLAN**
                                    Plaintiff(s),   :
                                                    :          (Judge Gerard E. Lynch)
        -against-                                   :
                                                    :
                                                    :
                                                    :
                                                    :
                                    Defendant(s).   :
-------------------------------------------------------x

After consultation with counsel for all parties, the following Case Management Plan is adopted.
This plan is also a scheduling order pursuant to Rules 16 and 26(f) of the Federal Rules of Civil
Procedure.

1.    The case is / is not to be tried by a jury. Scheduling of pre-trial practice should be
      arranged with a view to having the case ready for trial within approximately six months
      of the initial pre-trial conference.

2.    Joinder of additional parties must be accomplished by  _____.

3.    Amended pleadings may be filed until _____.

4.    All fact discovery is to be completed by _____. Interim deadlines set
      below may be extended by the parties on consent without application to the Court,
      provided the parties can still meet the discovery completion date ordered by the Court,
      which shall not be adjourned except upon a showing of extraordinary circumstances.

      A.    First request for production of documents, if any, to be served by _____

      B.    Interrogatories pursuant to Local Rule 33.3(a) of the Civil Rules of the Southern
            District of New York to be served by _____. No other interrogatories
            are permitted except upon prior express permission of the Court.

      C.    Depositions to be completed by _____.

            i. Unless counsel agree otherwise or the Court so orders, depositions are not to be
            held until all parties have responded to any first requests for production of
            documents.

ii. Depositions shall proceed concurrently.

iii. Whenever possible, unless counsel agree otherwise or the Court so orders, non-party depositions shall follow party depositions.

iv. No depositions shall be extended beyond two business days without prior leave of the Court.

D.     Experts, if any, are to be designated by _____, and experts' reports exchanged no later than _____. Experts may be deposed, but such depositions must occur within the time limit set forth for all depositions set forth above.

E.     Requests to Admit, if any, are to be served no later than _____.

5.     Dispositive motions are to be served and filed by _____.
Answering papers are to be served and filed by _____.
Reply papers are to be served and filed by _____.

All motions and applications shall be governed by the Court's Individual Practice Rules, which are available on the Internet at http://www.nysd.uscourts.gov. Note that under those rules, <u>two</u> courtesy copies of <u>all</u> motion papers are to be provided to chambers by the movant at the time the reply is filed. It is the responsibility of the <u>movant</u> to make sure that copies of all parties' papers are provided at that time.

Any party may request oral argument by letter at the time reply papers are filed. Whether or not requested, the Court will determine whether and when oral argument is to be held.

6.     The joint pretrial order shall be filed no later than 30 days after completion of discovery, or after the final decision of any dispositive motion, whichever is later, unless a different date is set by order of the Court. The requirements for the pre-trial order and other pre-trial submissions shall be governed by the Court's Individual Practice Rules.

7.     Counsel consent to trial by a U.S. Magistrate Judge.

                   Yes_____          No_____

**NEXT CASE MANAGEMENT CONFERENCE** _____.
                                        *(To be completed by the Court)*

**Dated:**                          **SO ORDERED:**
**New York, New York**

_____

                              _____
                              **GERARD E. LYNCH**
                              **United States District Judge**

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO              3680
RECIPIENT ADDRESS     364*12123637703
DESTINATION ID
ST. TIME              01/22 11:55
TIME USE              00'35
PAGES SENT            2
RESULT               OK
```



## SEDGWICK
### DETERT, MORAN & ARNOLD LLP

125 Broad Street, 39th Floor
New York, New York 10004-2400
tel: 212.422.0202 fax: 212.422.0925

**Facsimile Transmittal Sheet**

DATE: JANUARY 22, 2008

TIME:

NUMBER OF PAGES: 2 (including cover page)

IF ANY PORTION OF THE FOLLOWING DOCUMENT IS ILLEGIBLE OR MISSING, PLEASE CALL
OUR FAX CENTER AT (212) 422-0202 AS SOON AS POSSIBLE.

## TO:

| Name | Company | Telephone | Facsimile |
|------|---------|-----------|-----------|
| Aron Rattner, Esq. | Rattner & Waide | 212-742-9244 | 212-363-7703 |

## FROM:

| | | | |
|---|---|---|---|
| Name: | Caryn M. Silverman (2718) | Fax Back Number: | (212) 422-0925 |
| Office: | New York | Our File No.: | 0484-020529 |

**RE:**  *Nelson Pinero v. Synthes, et al.*

## MESSAGE:

Please see attached.



**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

125 Broad Street, 39th Floor
New York, New York 10004-2400
Tel: 212.422.0202  Fax: 212.422.0925

www.sdma.com

*Via Facsimile & U.S. Mail*

January 22, 2008

Aron Rattner, Esq.
Rattner & Waide
26 Broadway, 21st Floor
New York, New York 10004

Re:    *Nelson Pinero v. Synthes, et al.*
       SDMA File No. 484-20259

Dear Mr. Rattner:

By correspondence, dated January 4, 2008, we informed you that U.S.D.C. Judge Gerard E. Lynch had scheduled a Case Management Conference for Friday, February 1, 2008, at 11:30 a.m., at the United States Courthouse, 500 Pearl Street, New York, New York 10007, in Courtroom #6B and requested that you contact the undersigned to discuss an agreed upon Case Management Plan. On January 15, 2008, I left you a voicemail message requesting that you contact me to schedule a meet and confer to discuss the Case Management Plan. As of this date, we have not received any response from you. Please contact me upon receipt of this correspondence so that we can set up a mutually convenient time to discuss the Case Management Plan. I look forward to hearing from you.

Very truly yours,

Caryn M. Silverman
Sedgwick, Detert, Moran & Arnold LLP

NY/518425v1

New York  ■  London  ■  San Francisco  ■  Zurich  ■  Los Angeles  ■  Paris  ■  Newark  ■  Orange County  ■  Chicago  ■  Dallas

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO                1949
RECIPIENT ADDRESS       671*12123637703
DESTINATION ID
ST. TIME                01/29 17:17
TIME USE                04'00
PAGES SENT              7
RESULT                  OK
```

# SEDGWICK
### DETERT, MORAN & ARNOLD LLP

**Facsimile Transmittal Sheet**

125 Broad Street, 39th Floor
New York, New York 10004-2400
tel: 212.422.0202 fax: 212.422.0925

DATE: JANUARY 29, 2008

TIME:

NUMBER OF PAGES: 7 (including cover page)

IF ANY PORTION OF THE FOLLOWING DOCUMENT IS ILLEGIBLE OR MISSING, PLEASE CALL
OUR FAX CENTER AT (212) 422-0202 AS SOON AS POSSIBLE.

## TO:

| Name | Company | Telephone | Facsimile |
|------|---------|-----------|-----------|
| Aron Rattner, Esq. | Rattner & Waide | 212-742-9244 | 212-363-7703 |

## FROM:

Name:      Caryn M. Silverman (2718)      Fax Back Number:   (212) 422-0925

Office:    New York                        Our File No.:      0484-020529

## RE:   *Nelson Pinero v. Synthes, et al.*

## MESSAGE:

Please see attached.

SEDGWICK DETERT, MORAN & ARNOLD
2008 JAN 29 P 5: 39
RECEIVED



## SEDGWICK
**DETERT, MORAN & ARNOLD** LLP

125 Broad Street, 39th Floor
New York, New York 10004-2400
Tel: 212.422.0202  Fax: 212.422.0925

www.sdma.com

*Via Facsimile & U.S. Mail*

January 29, 2008

Aron Rattner, Esq.
Rattner & Waide
26 Broadway, 21st Floor
New York, New York 10004

Re:     *Nelson Pinero v. Synthes, et al.*
        SDMA File No. 484-20259

Dear Mr. Rattner:

We have gotten no response to our letters, dated January 4, 2008 and January 22, 2008, and my voicemail message of January 15, 2008, requesting that you contact me to meet and confer in advance of the Case Management Conference scheduled for Friday, February 1, 2008, at 11:30 a.m., at the United States Courthouse, 500 Pearl Street, New York, New York 10007, in Courtroom #6B.  Enclosed is another copy of the notification by the Court of this conference, instructions and the Case Management Plan.

Please contact me by 12 noon tomorrow, January 30, 2008 so that we may meet and confer to reach an agreed upon Case Management Plan.  In the event there is no response to this request, and the parties are thus, unable to meet and confer before Friday, we will seek all appropriate relief.  I can be reached at 212-422-0202 ext. 4049.

Very truly yours,

Caryn M. Silverman
Sedgwick, Detert, Moran & Arnold LLP

Enclosures

NY/519006v1

New York    ▪    London    ▪    San Francisco    ▪    Zurich    ▪    Los Angeles    ▪    Paris    ▪    Newark    ▪    Orange County    ▪    Chicago    ▪    Dallas

JUDGE LYNCH          Fax:212-805-0436        Jan 24 2008  14:25      P.01

Caryn Michele Silverman          07civ.10935(GEL)
Sedgwick, Detert, Moran & Arnold, LLP
125 Broad Street, 39th Floor
New York, NY 10004
212-898-4049
Fax: 212-422-0925

**United States District Court**
**Southern District of New York**

Nelson Pinero,

     Plaintiff (s)

  -against-

Synthes (U.S.A.) Syth Inc. ,

     Defendant (s).

**NOTICE OF CONFERENCE**

**07 Civ. 10935 (GEL)**

To Attorney (s) for Plaintiff (s)

  Honorable Gerard E. Lynch has directed that counsel for all parties herein shall attend a conference at the time place fixed below, for the purpose of Case Management and scheduling pursuant to Rule 16, F.R.Civ. P.

## *COUNSEL FOR THE DEFENDANT ARE  DIRECTED TO NOTIFY ALL PARTIES  IN THIS ACTION IN WRITING.

Date and Place of Conference:

**February 1, 2008**  At the United States Courthouse, 500 Pearl Street, New York, N.Y. 10007 in Courtroom #6B at 11:30a.m.

Subjects for consideration at this conference:

1. The Court will request from each attorney, beginning with plaintiff's counsel, a brief oral statement reporting the status of the case, setting forth the factual and legal basis for the claims or defenses and outlining the nature of the dispute (s) to be adjudicated. Subject matter jurisdiction will be considered, as well as any other issue which may be relevant to case management.

2. The Court will establish a Case Management Plan and Schedule, following the plan adopted by the Advisory Group pursuant to the Civil Justice Reform Act. A copy of the Case Management Plan is enclosed. Attorneys in this case are to confer either in person or by telephone, and present, if possible, an agreed upon Case Management Plan which should provide that the case will be ready for trial within six months from the schedule date of the conference. A longer period than six months will be granted by the Court only where the interests of justice require. In the absence of an agreement, the Court will impose its own Case Management Plan and schedule at the conference after hearing counsel.

3. Where there is written consent to trial before the Magistrate Judge, trial will be held on an agreed date certain, and the Magistrate Judge will prepare or amend the Case Management Plan consistently with such date.

**BY ORDER OF THIS COURT:**

Dated: New York, N.Y.
    January 16, 2008
         24

Jose Lopez
Deputy Clerk
(212) 805-0435

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------x
:
:
:                          **CIVIL CASE MANAGEMENT PLAN**
Plaintiff(s),    :
:                          (Judge Gerard E. Lynch)
-against-          :
:
:
:
:
Defendant(s).  :
--------------------------------------------------x

After consultation with counsel for all parties, the following Case Management Plan is adopted. This plan is also a scheduling order pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure.

1.   The case is / is not to be tried by a jury. Scheduling of pre-trial practice should be arranged with a view to having the case ready for trial within approximately six months of the initial pre-trial conference.

2.   Joinder of additional parties must be accomplished by _____.

3.   Amended pleadings may be filed until _____.

4.   All fact discovery is to be completed by _____. Interim deadlines set below may be extended by the parties on consent without application to the Court, provided the parties can still meet the discovery completion date ordered by the Court, which shall not be adjourned except upon a showing of extraordinary circumstances.

   A.   First request for production of documents, if any, to be served by _____

   B.   Interrogatories pursuant to Local Rule 33.3(a) of the Civil Rules of the Southern District of New York to be served by _____. No other interrogatories are permitted except upon prior express permission of the Court.

   C.   Depositions to be completed by _____.

      i. Unless counsel agree otherwise or the Court so orders, depositions are not to be held until all parties have responded to any first requests for production of documents.

       ii. Depositions shall proceed concurrently.

       iii. Whenever possible, unless counsel agree otherwise or the Court so orders, non-party depositions shall follow party depositions.

       iv. No depositions shall be extended beyond two business days without prior leave of the Court.

D.      Experts, if any, are to be designated by _____, and experts' reports exchanged no later than _____. Experts may be deposed, but such depositions must occur within the time limit set forth for all depositions set forth above.

E.      Requests to Admit, if any, are to be served no later than _____.

5.    Dispositive motions are to be served and filed by _____.
Answering papers are to be served and filed by _____.
Reply papers are to be served and filed by _____.

All motions and applications shall be governed by the Court's Individual Practice Rules, which are available on the Internet at http://www.nysd.uscourts.gov. Note that under those rules, two courtesy copies of all motion papers are to be provided to chambers by the movant at the time the reply is filed. It is the responsibility of the movant to make sure that copies of all parties' papers are provided at that time.

Any party may request oral argument by letter at the time reply papers are filed. Whether or not requested, the Court will determine whether and when oral argument is to be held.

6.    The joint pretrial order shall be filed no later than 30 days after completion of discovery, or after the final decision of any dispositive motion, whichever is later, unless a different date is set by order of the Court. The requirements for the pre-trial order and other pre-trial submissions shall be governed by the Court's Individual Practice Rules.

7.    Counsel consent to trial by a U.S. Magistrate Judge.

       Yes_____         No_____

NEXT CASE MANAGEMENT CONFERENCE _____.

                      *(To be completed by the Court)*

**Dated:**                 **SO ORDERED:**
New York, New York

_____      _____

                          **GERARD E. LYNCH**
                        **United States District Judge**

# EXHIBIT H



**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

125 Broad Street, 39th Floor
New York, New York 10004-2400
Tel: 212.422.0202  Fax: 212.422.0925

www.sdma.com

December 18, 2007

Aron Rattner, Esq.
Rattner & Waide
26 Broadway, 21st Floor
New York, New York 10004

Re:  *Nelson Pinero v. Synthes, et al.*
      SDMA File No. 484-20259

Dear Mr. Rattner:

To date, we have not received responses to defendants' First Set of Interrogatories, Demand for Discovery Inspection, and Combined Discovery Demands, all dated October 22, 2007, nor any objection thereto.

Additionally, please advise whether you are in possession of the hardware that was removed from plaintiff's jaw, or whether it is maintained by a third-party. If the latter, please provide the name and address of that party.  Your prompt attention to this outstanding discovery is greatly appreciated.

Very truly yours,

Caryn M. Silverman
Sedgwick, Detert, Moran & Arnold LLP

NY/516369v1

New York  ■  London  ■  San Francisco  ■  Zurich  ■  Los Angeles  ■  Paris  ■  Newark  ■  Orange County  ■  Chicago  ■  Dallas

## CERTIFICATE OF SERVICE

I, Caryn M. Silverman, hereby certify and affirm that a true and correct copy of the

attached **Order to Show Cause, Affidavit of Judgment by Default and Proposed Judgment** was

served via overnight mail pursuant to Local Civil Rule 5.2 for the Southern District of New York on

the 10th day of March 2008, upon the following:

> Aron Rattner, Esq.
> RATTNER & WAIDE
> *Attorneys for Plaintiff*
> 26 Broadway, 21st Floor
> New York, New York 10004
> (212) 742-9244

CARYN M. SILVERMAN (CS-4396)